

DEC 27 2011

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| **THE HONORABLE RICK PERRY,** | § |
| | § |
| *Plaintiff,* | § |
| | § |
| **v.** | § |
| | § |
| **CHARLES JUDD, KIMBERLY** | § |
| **BOWERS, and DON PALMER, members** | § |
| **of the Virginia State Board of Elections, in** | § |
| **their official capacities, and PAT** | § |
| **MULLINS, in his official capacity as** | § |
| **Chairman of the Republican Party of** | § |
| **Virginia,** | § |
| | § |
| *Defendants.* | § |

Civil No. 3: 11 cv 856

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

The Honorable Rick Perry complains against Defendants as follows:

### Introduction

1.      Plaintiff Rick Perry is a candidate for the office of President of the United States.
The dispute between Plaintiff and Defendant members of the Virginia State Board of Elections
(the "Board") arises from Plaintiff's efforts to qualify for the March 6, 2012 Republican Primary
election ballot.

2.      Plaintiff was unable to obtain a sufficient number of signatures from qualified
voters to qualify for the Republican Party presidential primary ballot due to Board's requirement
that all petition circulators be an eligible or registered qualified voter in Virginia.

3.      Virginia's requirement for petition circulators to be either eligible or registered
qualified voters in the state violates Plaintiff's freedoms of speech and association protected by
the First and Fourteenth Amendments to the United States Constitution.  By enforcing the

petition signature collection requirements in connection with Plaintiff's candidacy, Defendants have violated the rights of Plaintiff to engage in protected speech and association activities under the United States Constitution.

3.      Because Plaintiff seeks access to the March 6, 2012 Republican Party primary ballot, the deadline for printing those ballots is quickly approaching, and because Plaintiff has no adequate remedy at law, this Complaint seeks declaratory and injunctive relief in the form of preliminary and permanent injunctions.

### Jurisdiction and Venue

4.      This Court has jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the United States Constitution.  28 U.S.C. § 1331, 1343(a).

5.      Venue is proper in this district, and in the Richmond Division, because Defendants are residents of or have their official offices in the Eastern District of Virginia, in the City of Richmond.  28 U.S.C. § 1391(b)(1); E.D. Va. R. 3(C).

### Parties

6.      Plaintiff Rick Perry is a resident and Governor of the State of Texas.  Governor Perry satisfies all the requirements of Article II, Section 1, clause 5 of the United States Constitution and is otherwise eligible and qualified to serve as President of the United States.

7.      As officers and members of the Virginia State Board of Elections (State Board), Defendants Charles Judd (Chairman), Kimberly Bowers (Vice-Chair), and Don Palmer (Secretary) are responsible for creating the form for and receiving petition signatures for primary ballot access for a candidate for President of the United States. VA. CODE ANN. § 24.2-545 B. The Board has authority to make rules and regulations, issue instructions, and provide

information consistent with the election laws to the county and city electoral boards and registrars to promote the proper administration of election laws. VA. CODE ANN. § 24.2-103.

8.      As Chairman of the Republican Party of Virginia (the "Party"), Defendant Pat Mullins, in his official capacity Chairman of the Party, is responsible for certifying to the State Board all candidates who meet the statutory petition signature scheme. VA. CODE ANN. § 24.2-545 B. The State Party is one of only two parties recognized in Virginia as a political party. Va. Code Ann. § 24.2-101.

### Statutory Scheme

9.      In Virginia, a candidate seeking the nomination of a national political party for the Office of President of the United States must complete a Consent/Declaration Form. VA. CODE ANN. § 24.2-545 B. *See* Exhibit A.

10.     The candidate must then file petitions with the Board signed by at least 10,000 qualified voters, including at least 400 qualified voters from each congressional district in the Commonwealth, who attest that they intend to participate in the primary of the same political party as the candidate for whom the petitions are filed. VA. CODE ANN. § 24.2-545 B. *See* Exhibit B.

11.     Based upon the official form prescribed by the Board, the petition signatures must be from registered voters, and collected after July 1, 2011 by a registered voter or someone eligible to vote in Virginia who signs and in the petition in the presence of a notary. *See* Exhibit C.

12.     The petitions must be filed by the primary filing deadline. VA. CODE ANN. § 24.2-545 B. That deadline was Thursday, December 22, 2011 in this case. VA. CODE ANN.§ 24.2-544 B.

- 3 -

12.     The State Board then turns the petitions over to the State Party. VA. CODE ANN.§ 24.2-544 B.

13.     By the statutory deadline, the State Party then certifies to the State Board the candidates who are qualified to appear on the presidential primary ballot. Va. Code Ann. §§ 24.2.-527 and 24.2-544 B.  The deadline in this case was Tuesday, December 27, 2011 by 5:00 PM.

14.     Finally, the State Board conducts a drawing of candidate names for placement on the presidential primary ballot. VA. CODE ANN. § 24.2-545 C.

**Facts**

15.     Plaintiff declared himself a candidate for the Office of President of the United States on August 13, 2011.

16.     On August 15, 2011, Plaintiff filed his Statement of Candidacy with the Federal Elections Commission. *See* Exhibit D.

17.     On October 31, 2011, Plaintiff signed and affirmed, in the presence of a notary, his Declaration of Candidacy for the Commonwealth of Virginia. *See* Exhibit E.

18.     On December 22, 2011, Plaintiff submitted to the Board over 6,000 petition signatures from qualified Virginia voters.

19.     On December 23, 2011, Defendant Mullins made a preliminary determination and publically announced that Plaintiff had not submitted enough petition signatures and would not be certified for placement of his name on the presidential primary ballot. *See* Exhibit F.

20.     Virginia's requirement for petition circulators to be either eligible or registered qualified voters in the state imposes a severe burden on Plaintiffs' freedoms of speech and association because it substantially limits the number of eligible petition circulators.

- 4 -

21.    Virginia's requirement for petition circulators to be either eligible or registered qualified voters in the state is a severe burden on Plaintiff's freedoms of speech and association because it prohibits an otherwise qualified candidate for the Office of President of the United States from circulating his own candidate petitions.

22.    Virginia's requirement for petition circulators to be either eligible or registered qualified voters in the state prohibited Plaintiff from recruiting petition circulators who live outside the Commonwealth of Virginia to circulate petitions on his behalf.

23.    Plaintiffs have no adequate remedy at law.

## Count 1

24.    Plaintiffs re-allege and incorporate by reference all of the allegations contained in all of the preceding paragraphs.

25.    In *Buckley v. American Constitutional Law Foundation*, 525 U.S. 182 (1999) ("*ACLF*"), the Supreme Court held that a Colorado law requiring all petition circulators to be registered Colorado voters violated the First Amendment to the United States Constitution.[1] The Court held that the restriction imposed severe burdens on core political speech, *id.* at 192, was subject to strict scrutiny, *id.* at 192 n.12, and that the state's interests were not sufficient to justify the burdens, *id.* at 192.

26.    Applying the *ACLF* standard, numerous courts have ruled that state- or district-residency requirements violate the First Amendment. *See Yes on Term Limits, Inc. v. Savage*, 550 F.3d 1023 (10th Cir. 2008) (state-residency requirement); *Nader v. Brewer*, 531 F.3d 1028 (9th Cir. 2008) (same); *Nader v. Blackwell*, 545 F.3d 459 (6th Cir. 2008) (same); *Chandler v.*

---

[1]  The American Constitutional Law Foundation did not challenge Colorado's residency requirement because the registration requirement also required a circulator to reside in Colorado. *ACLF*, 525 U.S. at 189 n.3. Virginia's requirement is more restrictive than the Colorado provision. In Virginia, not only must the circulator be a qualified voter (i.e., a Virginia resident), but he must also be eligible to vote for the candidate for whom he is circulating the petition.

*City of Arvada*, 292 F.3d 1236 (10th Cir. 2002) (city-residency requirement); *Lerman v. Bd. of Elections in the City of New York*, 232 F.3d 135 (2d Cir. 2000) (district-residency requirement); *Krislov v. Rednour*, 226 F.3d 851 (7th Cir. 2000) (state- *and* district-residency requirements); *Bogaert v. Land*, 572 F. Supp. 883 (W.D. Mich. 2008) (district-residency requirement); *Frami v. Ponto*, 255 F. Supp. 2d 962 (W.D. Wis. 2003) (same); *Morrill v. Weaver*, 224 F. Supp. 2d 882 (E.D. Penn. 2002) (same).

27.     VIRGINIA CODE § 24.2-545 B's requirement for petition circulators to be either eligible or registered qualified voters in the state violates freedoms of speech and association protected by the First and Fourteenth Amendments to the United States Constitution.

28.     Virginia's unconstitutional requirement for petition circulators to be either eligible or registered qualified voters in the state prohibited Plaintiff from recruiting other petition circulators and obtaining the necessary petition signature for ballot access.

## Count 2

29.     Plaintiffs re-allege and incorporate by reference all of the allegations contained in paragraphs. 1 through 24 above.

30.     Virginia's requirement that a presidential primary candidate collect signatures from 10,000 qualified voters, including at least 400 qualified voters from each congressional district in the Commonwealth, who attest that they intend to participate in the primary of the same political party as the candidate for whom the petitions are signed and filed violates freedoms of speech and association protected by the First and Fourteenth Amendments to the United States Constitution.

## Prayer for Relief

Wherefore, Plaintiff prays for the following relief:

1.     Declaratory judgment that the requirement for petition circulators to be either eligible or registered qualified voters in the state provision contained in Virginia Code section 24.2-545 B is unconstitutional, as applied to Plaintiffs and facially.

2.     Preliminary and permanent injunctions enjoining Defendants, and all successors in office, from enforcing the requirement for petition circulators to be either eligible or registered qualified voters in the state.

3.     Preliminary and permanent mandatory injunctions compelling Defendant's to certify Plaintiff as a candidate for the Republican Party presidential primary ballot.

4.     Reasonable costs and attorneys' fees, incurred as a consequence of Plaintiffs' efforts to safeguard their constitutionally protected rights, pursuant to 28 U.S.C. § 1988 and any other statute or authority.

5.     Any other relief this Court in its discretion deems just and appropriate.

Date: December 27, 2011                    Respectfully submitted,

SPOTTS FAIN PC

Hugh M. Fain, III
411 East Franklin Street, Suite 600
Richmond, VA 23219
Telephone: (804) 697-2040
Facsimile: (804) 697-2140
hfain@spottsfain.com

BEIRNE, MAYNARD & PARSONS, L.L.P.
Joseph M. Nixon (Pro hac vice to be filed)
James E. ("Trey") Trainor, III (Pro hac vice to be filed)
Martin D. Beirne (Pro hac vice to be filed)
1300 Post Oak Boulevard, Suite 2500
Houston, TX 77056
Telephone: (713) 623-0887
Facsimile: (713) 960-1527
**ATTORNEYS FOR PLAINTIFF**
**THE HONORABLE RICK PERRY**