IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**The Honorable Rick Perry,**

    **Plaintiff,**

v.                                                     Civil Action No. 3:11-CV-856-JAG

**Charles Judd,
In His Official Capacity as a Member
of the Virginia State Board of Elections,** *et al.*,

    **Defendants.**

## MEMORANDUM IN SUPPORT OF
## PATRICK MULLINS' MOTION TO DISMISS

Defendant Patrick Mullins (Chairman or Chairman Mullins), in his capacity as Chairman of the Republican Party of Virginia, by counsel, respectfully submits this memorandum in support of his motion to dismiss the Plaintiff's Complaint against Chairman Mullins pursuant to Rule 12(b)(6), for failure to state a cause of action against the Chairman, and Rule 12(b)(1) and Article III of the U.S. Constitution, because there is no case or controversy between Governor Perry and Chairman Mullins.

## INTRODUCTION

The Republican Party of Virginia and its Chairman regret that Governor Perry and other Republican candidates for President did not satisfy Virginia's legal requirements to qualify for the Republican primary ballot in Virginia. It was the Republican Party of Virginia's desire for its primary ballot to feature all major Republican presidential candidates so that Virginia Republicans would have several choices. But that desire was tempered by Virginia's legal requirements, which the Chairman was duty bound to follow. The Complaint makes clear, however, that Chairman Mullins properly applied the law as it is written in certifying those

1

candidates that had met Virginia's legal requirements for inclusion on the ballot, and thus, the Complaint fails to state a cognizable claim against the Chairman.

Under Virginia law, each prospective presidential candidate who desired to appear on the Virginia Republican primary ballot was required to submit to the Virginia State Board of Elections, no later than 5 pm on December 22, 2011, three things:

1. A sworn Consent/Declaration of Candidacy;

2. A sworn Statement by the candidate certifying the number of signatures s/he has submitted to the State Board of Elections on enclosed petitions; and

3. Petitions containing at least 10,000 signatures by registered Virginia voters.

Va. Code § 24.2-545.

The State Board of Elections then provided these materials to the Republican Party of Virginia to determine, no later than 5 pm on December 27, 2011, which Republican candidates had met the requirements specified by law. The Republican Party of Virginia performed that duty as required by Va. Code §§ 527, 544, 545.

The Complaint alleges that Governor Perry did not comply with all of the statutory requirements to have his name added to the ballot for the Republican primary and, moreover, that the Republican Party of Virginia did, in fact, comply with Virginia law. The Complaint does not take issue with the Republican Party of Virginia. Instead, the Complaint challenges the constitutionality of the laws that Chairman Mullins and the Republican Party of Virginia are duty bound to follow. The declaratory judgment the Plaintiff seeks targets those laws. The Commonwealth of Virginia is responsible for the constitutionality of its laws, not the Chairman of the Republican Party of Virginia. Chairman Mullins will comply with the laws as written and as interpreted by this Court.

Accordingly, the Complaint against Chairman Mullins must be dismissed for two reasons. First, it fails to present an actual case or controversy between the Plaintiff and the Chairman of the Republican Party of Virginia, and thus, the Court lacks jurisdiction over the Chairman under the federal Declaratory Judgment Act and Article III of the Constitution. Second, the Complaint fails to state a cognizable cause of action against the Republican Party of Virginia and its Chairman.

I. **THERE IS NO CASE OR CONTROVERSY BETWEEN PLAINTIFF AND THE REPUBLICAN PARTY CHAIRMAN**

Once an independent basis of jurisdiction has been established in a suit for declaratory relief, such as the federal question presented in this case, "the further jurisdictional question then arises as to whether or not the suit presents an actual 'case of actual controversy' between the plaintiff and each defendant within the meaning of the Declaratory Judgment Act." *Herbalife Int'l, Inc. v. St. Paul Fire and Marine Ins.*, 2006 WL 839515, *4 (N.D. W.Va. 2006). If no actual controversy is presented as to a defendant, the Court must dismiss the claims against that defendant for lack of jurisdiction, because the judicial power of the United States depends on the existence of a case or controversy between two parties. U.S. Const. Art. III, § 2. *Id.* "For a matter to come within the jurisdiction of the court under the Declaratory Judgment Act ..., it must involve an actual controversy between the parties before the court admitting of specific relief through a decree of a conclusive character." *Smith v. Blackwell*, 115 F.2d 186, 188 (4th Cir. 1940).

"The Supreme Court has developed a number of constitutional justiciability doctrines ... including ... the doctrines of standing, ripeness, and mootness." *United States v. McClure*, 241 F. App'x 105, 107 (4th Cir.2007)). The "irreducible constitutional minimum of standing requires (1) an injury in fact—a harm suffered by the plaintiff that is concrete and actual or imminent, not

3

conjectural or hypothetical; (2) causation—a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant; and (3) redressability—a likelihood that the requested relief will redress the alleged injury." *McBurney v. Cuccinelli*, 616 F.3d 393, 402 (4th Cir. 2010) (emphasis added, internal quotations and citations omitted). "In determining whether a party has standing to bring suit, the party invoking the jurisdiction of the court bears the burden of establishing standing." *Bishop v. Bartlett*, 575 F.3d 419, 424 (4th Cir.2009).

The Complaint does not present an actual case or controversy between the Plaintiff and the Republican Party of Virginia and its Chairman under two prongs of the Fourth Circuit's three-prong test. First, Plaintiff does not allege that Chairman Mullins' conduct proximately caused the Plaintiff's injury. Second, under the third prong, Chairman Mullins is not necessary to providing the Plaintiff the relief that he seeks.

The Plaintiff's allegations in paragraphs 20, 21 and 22 of the Complaint make clear that Plaintiff's legal dispute is not with the legality of the Chairman's conduct, but instead with the constitutionality of the law that governs the Chairman's conduct. The Plaintiff, at paragraphs 20, 21 and 22 of the Complaint, alleges that Virginia's law requiring signature witnesses to be either eligible or registered qualified Virginia voters violates the First Amendment. The Plaintiff, however, does not allege that he submitted any signatures witnessed by an out-of-state petition circulator to the State Board of Elections or that the Chairman rejected any signatures submitted by an out-of-state petition circulator.

The Plaintiff further alleges that Virginia's 10,000-signature law is unconstitutional. Complaint at ¶ 30. Nevertheless, the Plaintiff does not allege any misconduct by the Chairman or the Republican Party of Virginia, because the Plaintiff admits in ¶ 18 of the Complaint that only 6,000 signatures were submitted.

Moreover, it is clear on the face of the Complaint that Plaintiff's claims the Commonwealth's laws caused his injury, not any independent conduct by the Republican Party of Virginia or its Chairman. Because the Complaint does not allege any unlawful action by the Party or Chairman, and challenges only the constitutionality of the Commonwealth's statutes, there is no case or controversy between the Plaintiff and Chairman Mullins. Therefore, the Complaint must be dismissed as to Chairman Mullins for lack of jurisdiction under Article III. *See, e.g., Herbalife Int'l Inc.* 2006 W.L. 839515 at *5. ("This Court finds that there is no actual controversy between the plaintiff and the N&D parties. The claim is for a declaration of insurance coverage. The relief sought by the plaintiff is against the insurance companies to indemnify and/or defend the plaintiff in the underlying Mey civil action. The N&D parties cannot be liable to the plaintiff because they cannot indemnify and/or defend the plaintiff; thus, there is no cause of action against the N&D parties.").

As to the third prong under the Fourth Circuit's test for justiciability, Chairman Mullins has no legal authority to grant Plaintiff the relief that he requests. Current Virginia law mandates that Chairman Mullins certify those candidates who satisfied Virginia's legal requirements no later than 5 pm on December 27, 2011. Va. Code § 24.2-527. Accordingly, the legal authority vested in the Chairman to certify any candidate ended on December 27, 2011. Any relief granted by the Court at this time would be extra-statutory, and while the Court could fashion the relief requested by the Plaintiff, the Chairman of the Republican Party of Virginia is not a necessary party to any relief at this juncture. For example, if this Court were to order the State Board of Elections to include the Plaintiff's name on the ballot when it has the primary ballots printed, Chairman Mullins would not be necessary to implementing such relief.

This point is borne out by the relief requested in Plaintiff's Emergency Motion for Preliminary Injunction, which requests the Court to: "Order the **Virginia State Board of Elections** to print ballots for the Republican primary including Plaintiff's name for the office of President of the United States." Emergency Motion for Temporary Restraining Order and Preliminary Injunction ¶ 3 (emphasis added).[1] The relief requested by the Plaintiff in this lawsuit does not require action by the Republican Party of Virginia or its Chairman, and thus, Plaintiff has failed to allege a basis for jurisdiction over the Chairman.

## II. THE COMPLAINT FAILS TO STATE A CAUSE OF ACTION AGAINST THE REPUBLICAN PARTY CHAIRMAN

The Supreme Court has summarized the Plaintiff's pleading requirements to state a claim against the Chairman:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the **reasonable inference that the defendant is liable for the misconduct alleged**. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 55 U.S. 544 (2007)) (internal quotations and citations omitted, emphasis added).

The Complaint fails to state a claim against the Chairman of the Republican Party of Virginia, because Plaintiff does not allege that Plaintiff failed to comply with the legal

---

[1] Placement on the primary ballot is the main relief Plaintiff seeks. The Emergency Motion for Temporary Restraining Order and Preliminary Injunction also requests the Court to (1) "Enjoin **Defendants** from enforcing the state-residency requirement for petition circulators" (Emergency Motion at ¶ 1) and (2) "Order the **Virginia State Board of Elections** not to conduct their drawing for placement of candidate names on the March 6, 2012 primary ballots, nor print and distribute without Plaintiff's name on them" (Emergency Motion at ¶ 2). Both of these requested remedies are moot. The first is moot because the Complaint does not allege that the Plaintiff submitted any signatures witnessed by out-of-state petition circulators or that the Republican Party of Virginia's Chairman enforced that statute by rejecting any signatures under that law (he did not). The second is not directed at the Chairman and, in any event, the Court denied this relief at the hearing held on December 29, 2011.

requirements set forth in Va. Code §§ 527, 544 and 545, or that Chairman Mullins improperly failed to certify the Plaintiff as having met the legal requirements. To the contrary, Plaintiff alleges that he submitted a total of 6,000 (plus or minus) out of the required 10,000 signatures required to be submitted to the State Board of Elections, confirming that the Chairman complied with Virginia law. Complaint ¶ 18. In fact, the only allegation the Complaint makes with respect to the Chairman is that he complied with the law. Complaint ¶ 19.

The Complaint concerns, at bottom, a dispute over the facial constitutionality of Virginia's statutory requirements. The constitutionality and defense of those laws are the responsibility of the Commonwealth. The Chairman of the Republican Party of Virginia is not responsible for the enactment of those statutory requirements nor is he responsible for defending their constitutionality.

In sum, the Complaint does not allege, in the words of the Supreme Court, "that the defendant [Chairman] is liable for the misconduct alleged"—i.e., the unconstitutional statutes—and the Complaint must be dismissed as to the Chairman for failure to state a claim.

## CONCLUSION

The Plaintiff's dispute is with the Commonwealth of Virginia and its laws, not the Republican Party of Virginia. The Republican Party of Virginia and its Chairman have complied with Virginia's laws and will comply with any modifications of the law that result from a ruling of this Court. But there is no actual dispute between the Plaintiff and the Republican Party of Virginia. Therefore, the Court should dismiss Chairman Mullins from this lawsuit and excuse Chairman Mullins from having to incur the costs and inconvenience of further litigation.

Respectfully submitted this 3rd day of January, 2012.

                                              /s/
Charles E. Sims (Va. Bar 35845)
LeClairRyan, a Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, Virginia 23219
Telephone: (804) 343-5091
Facsimile: (804) 783-7655
Charles.Sims@leclairryan.com

Lee E. Goodman (Va. Bar 31695)
LeClairRyan, a Professional Corporation
1101 Connecticut Ave., NW, Sixth Floor
Washington, DC 20036
Telephone: (202) 659-6730
Facsimile: (202) 775-6430
Lee.Goodman@leclairryan.com

*Attorneys for Patrick Mullins, Chairman of the Republican Party of Virginia*

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of January, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel named below:

Hugh M. Fain, III
Edward E. Bagnell, Jr.
Maurice F. Mullins
Spotts Fain PC
411 East Franklin Street
Richmond, Virginia 23218-1555
Telephone: (804) 788-1190
hfain@spottsfain.com
ebagnell@spottsfain.com
cmullins@spottsfain.com

James E. Trainor, III
Joseph M. Nixon
Martin D. Beirne
Beirne Maynard & Parsons LLP
1300 Post Oak Blvd., 25th Floor
Houston, Texas 77056
Telephone: (512) 623-6700
ttrainor@bmpllp.com
jnixon@bmpllp.com
mbeirne@bmpllp.com

*Attorneys for The Honorable Rick Perry*

E. Duncan Getchell, Jr.
Wesley G. Russell, Jr.
Office of the Attorney General
900 E. Main Street
Richmond, Virginia 23219
Telephone: (804) 786-2436
dgetchell@oag.state.va.us
wrussell@oag.state.va.us

Joseph N. Lief
Virginia International Raceway
1245 Pinetree Road
Alton, Virginia 24520
Telephone: (434) 822-7700

*Attorneys for Charles Judd, Kimberly Bowers, Don Palmer,*

*members of the Virginia State Board of Elections,*
*in their official capacity*

                                                          /s/
                                 Charles E. Sims (Va. Bar 35845)
                                 LeClairRyan, a Professional Corporation
                                 Riverfront Plaza, East Tower
                                 951 East Byrd Street, Eighth Floor
                                 Richmond, Virginia  23219
                                 Telephone:  (804) 343-5091
                                 Facsimile:  (804) 783-7655
                                 Charles.Sims@leclairryan.com

                                 ***Attorneys for Patrick Mullins, Chairman of the***
                                 ***Republican Party of Virginia***