**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| THE HONORABLE RICK PERRY )<br>)<br>      Plaintiff,      )<br>)<br>v.                                                   )<br>)<br>CHARLES JUDD, *et al.*,            )<br>)<br>      Defendants.      ) | Civil Action No.: 3:11-cv-856-JAG |

**MEMORANDUM ON POTENTIAL CONFLICT ISSUES**

The Court has directed that the "Attorney General provide[] [a] three page statement of authorities regarding any conflict that may exist given his public declarations about the subject matter of this case."  (Doc. 13 at 2). The statements appearing in the Attorney General's newsletter (Ex. A) as reported on in the 12/26/11 Richmond Times Dispatch (Ex. B), and his statement that no immediate change is feasible (Exhibit C), do not directly deal with the subject matter of this suit.  The subject matter of this suit is the constitutionality of the voter eligibility provision of Va. Code Ann. § 24.2-545(B).  (Doc. 1 at 5-7).  On that subject the Attorney General has said that his office will vigorously defend the constitutionality of the law.  (Ex. D). The Attorney General's other statements, in contrast, were policy statements by a statewide elected official on the wisdom of the existing provision and the desirability of amending it through the legislative process.  This fails to give rise to a conflict for a number of mutually reinforcing reasons.

First, the existence and consequences of a conflict of interest are ordinarily governed by Va. Rules of Prof. Conduct 1.7.  Rule 1.7(a) forbids representation of a client "if the representation involves a concurrent conflict of interest."  For purposes of the Court's inquiry, a

concurrent conflict of interest "exists if there is significant risk that the representation of one or more clients will be materially limited . . . by a personal interest of the lawyer." There is no significant risk of that here because the wisdom or lack of wisdom of a statute is irrelevant to its constitutionality. *See, e.g.*, *INS v. Chadha*, 462 U.S. 919, 944 (1983) ("We begin, of course, with the presumption that the challenged statute is valid. Its wisdom is not the concern of the courts; if a challenged action does not violate the Constitution, it must be sustained . . . ."). Furthermore, it has been the consistent policy of the Office of the Attorney General in this administration to defend all defensible statutes against constitutional attack without regard to policy preferences.

Second, the Attorney General has a statutory duty to represent the members of the State Board of Elections. Va. Code Ann. § 2.2-507(A) ("All legal service in civil matters for the Commonwealth, the Governor, and every state department, institution, division, commission, board, bureau, agency, entity, official, court, or judge, including the conduct of all civil litigation in which any of them are interested, shall be rendered and performed by the Attorney General" with narrow exceptions). Furthermore, by statute, potential conflicts of individual lawyers may not be imputed to the Office of the Attorney General so as to disqualify that office as an entity. *Id.* ("The Attorney General may represent personally or through one or more of his assistants any number of state departments, institutions, divisions, commissions, boards, bureaus, agencies, entities, officials, courts, or judges that are parties to the same transaction or that are parties in the same civil or administrative proceeding and may represent multiple interests within the same department, institution, division, commission, board, bureau, agency, or entity.") Because neither the Governor nor any executive agency is authorized to hire special counsel, the only statutory method for obtaining such counsel is for either the Governor to certify "that the Attorney General's office is unable to render such service," Va. Code Ann. § 2.2-510(1), or for

the Attorney General to certify "to the Governor that it would be improper for the Attorney General's office to render legal services due to a conflict of interests, or that he is unable to render certain legal services . . . .").

Third, a conflict under Rule 1.7 is waivable if the lawyer reasonably believes that competent representation will be provided. The Defendants have waived any conflict. (Ex. E).

Fourth, the comment to Rule 1.10 makes clear that the ordinary imputation provisions do not apply to government lawyers because "the potential effect on the government would be unduly burdensome." Rule 1.10 Comment [1d]. Also, the comment omits Rule 1.7 from its list of those rules applicable to the government. Although Rule 1.11 sets forth special rules applicable to government lawyers, it does not include Rule 1.7 within its ambit either.

WHEREFORE, the Court should conclude that neither the Attorney General nor his Office has a conflict.

                              Respectfully submitted,

                              CHARLES JUDD, KIMBERLY BOWERS and
DON PALMER, in their official capacities

                              /s/
E. Duncan Getchell, Jr.
Solicitor General of Virginia
(VSB No. 14156)
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
(804) 786-7240 – Telephone
(804) 371-0200 – Facsimile
dgetchell@oag.state.va.us
*Counsel for Defendants*

Kenneth T. Cuccinelli, II
Attorney General of Virginia

3

E. Duncan Getchell, Jr., VSB #14156
Solicitor General of Virginia
E-mail: dgetchell@oag.state.va.us

Wesley G. Russell, Jr., VSB #38756
Deputy Attorney General
E-mail: wrussell@oag.state.va.us

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of January, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following counsel of record for Plaintiff:

| | |
|---|---|
| M. F. Connell Mullins, Jr., Esquire<br>Hugh M. Fain, III, Esquire<br>Edward Everett Bagnell, Jr., Esquire<br>Spotts Fain P.C.<br>411 East Franklin Street, Suite 600<br>Richmond, Virginia  23219<br>Phone:  (804) 697-2040<br>Fax:  (804) 697-2140<br>cmullins@spottsfain.com<br>hfain@spottsfain.com<br>ebagnell@spottsfain.com | Joseph M. Nixon, Esquire (*pro hac vice* to be filed)<br>James E. Trainor, III, Esquire  (*pro hac vice* to be filed)<br>Martin D. Beirne, Esquire (*pro hac vice* to be filed)<br>Beirne, Maynard & Parsons, L.L.P.<br>1300 Post Oak Boulevard, Suite 2500<br>Houston, TX  77056<br>Phone: (713) 623-0887<br>Fax: (713) 960-1527<br>jnixon@bmpllp.com<br>ttrainor@bmpllp.com<br>mbeirne@bmpllp.com |

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed one copy of the foregoing document by First-Class Mail to the following non-CM/ECF participant:

Lee Elton Goodman, Esquire
LeClairRyan, P.C.
1701 Pennsylvania Ave. NW
Suite 1045
Washington, DC  20006
Phone:  (202) 659-4140

                /s/
            E. Duncan Getchell, Jr.
            Solicitor General of Virginia (VSB No. 14156)
            Office of the Attorney General
            900 East Main Street
            Richmond, Virginia 23219
            (804) 786-7240 – Telephone
            (804) 371-0200 – Facsimile
            dgetchell@oag.state.va.us
            *Counsel for Defendants*