IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| THE HONORABLE RICK PERRY ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 3:11-cv-856-JAG |
| v. ) | |
| ) | |
| CHARLES JUDD, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ANSWER OF CHARLES JUDD, KIMBERLY BOWERS and DON PALMER

Charles Judd, Kimberly Bowers and Don Palmer, members of the Virginia State Board of Elections, in their official capacities, by counsel, submit their Answer to the Complaint for Declaratory and Injunctive Relief filed by plaintiff and state as follows:

1. Defendants admit the allegations in paragraph 1 of the Complaint.

2. With respect to the allegations contained in paragraph 2 of the Complaint, defendants admit that plaintiff did not obtain the requisite number of signatures. Defendants are without sufficient information and belief to admit the remaining allegations of said paragraph, and therefore, the same are denied.

3. Defendants deny the allegations contained in the first paragraph numbered 3 of the Complaint.

3.[sic] With respect to the allegations contained in the second paragraph numbered 3 of the Complaint, defendants admit that the deadline for printing ballots is quickly approaching and that plaintiff is seeking declaratory relief. Defendants aver that plaintiff is not entitled to any of the equitable or declaratory relief he seeks.

4. Defendants admit the allegations in paragraph 4 of the Complaint.

5.  Defendants admit the allegations in paragraph 5 of the Complaint.

6.  Defendants admit the allegations in paragraph 6 of the Complaint.

7.  With respect to the allegations contained in paragraph 7 of the Complaint, defendants aver that the referenced sections of the Code of Virginia speak for themselves.

8.  With respect to the allegations contained in paragraph 8 of the Complaint, defendants aver that the referenced sections of the Code of Virginia speak for themselves. Defendants admit that Mr. Mullins is Chairman of the Republican Party of Virginia.

9.  With respect to the allegations contained in paragraph 9 of the Complaint, defendants aver that the referenced section of the Code of Virginia and the exhibit speak for themselves.

10. With respect to the allegations contained in paragraph 10 of the Complaint, defendants aver that the referenced section of the Code of Virginia and the exhibit speak for themselves.

11. With respect to the allegations contained in paragraph 11 of the Complaint, defendants aver that the exhibit speaks for itself.

12. With respect to the allegations contained in the first paragraph numbered 12 of the Complaint, defendants aver that the referenced sections of the Code of Virginia speak for themselves.

12[sic]. With respect to the allegations contained in the second paragraph numbered 12 of the Complaint, defendants aver that the referenced section of the Code of Virginia speaks for itself.

13. With respect to the allegations contained in paragraph 13 of the Complaint, defendants aver that the referenced sections of the Code of Virginia speak for themselves.

14. With respect to the allegations contained in paragraph 14 of the Complaint, defendants aver that the referenced section of the Code of Virginia speaks for itself.

15. Defendants admit the allegations in paragraph 15 of the Complaint.

16. Defendants admit the allegations in paragraph 16 of the Complaint.

17. Defendants admit the allegations in paragraph 17 of the Complaint.

18. With respect to the allegations contained in paragraph 18 of the Complaint, defendants admit that plaintiff submitted fewer than 10,000 valid petition signatures. Defendants are without sufficient information and belief to admit what number of valid signatures less than 10,000 plaintiff submitted.

19. With respect to the allegations contained in paragraph 19 of the Complaint, defendants admit that the Republican Party of Virginia, through its chairman, announced that plaintiff had failed to submit sufficient valid signatures to qualify for the primary ballot. Defendants are without sufficient information and belief to admit the remaining allegations of said paragraph, and therefore, the same are denied.

20. Defendants deny the allegations contained in paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in paragraph 21 of the Complaint. Defendants further aver that plaintiff lacks standing to assert an injury arising from the inability to circulate his own petitions because there is no averment that he stood ready, willing and able to circulate his own petitions and there is no basis for concluding that he would have collected a sufficient number of valid signatures.

22. With respect to the allegations contained in paragraph 22 of the Complaint, defendants are without sufficient information and belief to admit the allegations of said paragraph, and therefore, the same are denied. Defendants further aver that plaintiff lacks

standing to assert an injury arising from the inability to recruit petition circulators who reside outside of Virginia because there is no averment that he stood ready, willing and able to do so, and there is no basis for concluding that they would have collected a sufficient number of signatures.

23. With respect to the allegations contained in paragraph 23 of the Complaint, the allegations call for a legal conclusion for which no response is required. Defendants aver that plaintiff is not entitled to any of the equitable or declaratory relief he seeks.

24. With respect to the allegations contained in paragraph 24 of the Complaint, defendants re-state and incorporate by reference all of their answers contained in the preceding paragraphs.

25. With respect to the allegations contained in paragraph 25 of the Complaint, the allegations call for a legal conclusion for which no response is required. Defendants aver that the Supreme Court's decision in *Buckley* speaks for itself and that Virginia's ballot access requirements for primary candidates are less restrictive than the statute at issue in *Buckley*.

26. With respect to the allegations contained in paragraph 26 of the Complaint, the allegations call for a legal conclusion for which no response is required. Defendants aver that the various cited decisions speak for themselves.

27. Defendants deny the allegations contained in paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in paragraph 28 of the Complaint.

29. With respect to the allegations contained in paragraph 29 of the Complaint, defendants re-state and incorporate by reference all of their answers contained in the preceding paragraphs.

30. Defendants deny the allegations contained in paragraph 30 of the Complaint.

31. Except as expressly admitted above, defendants deny all allegations contained in plaintiff's Complaint.

## **AFFIRMATIVE DEFENSES**

Defendants hereby plead the following as affirmative defenses to the Complaint:

1. Having failed to obtain 10,000 valid signatures, plaintiff lacks standing to prosecute the claim set forth in Count I of the Complaint.

2. The Complaint fails to state a claim upon which relief can be granted.

3. The relief sought in the Complaint is barred by the doctrine of laches.

4. To the extent that the Complaint references the State Board of Elections as opposed to its individual members, the State Board of Elections asserts its immunity under the Eleventh Amendment and associated concepts of sovereign immunity.

WHEREFORE, defendants pray that the Complaint be dismissed and that the Court order such further relief to defendants as the ends of justice may require.

                                        Respectfully submitted,

                                        CHARLES JUDD, KIMBERLY BOWERS and
                                        DON PALMER, in their official capacities

                                                /s/
                                        E. Duncan Getchell, Jr.
                                        Solicitor General of Virginia
                                        (VSB No. 14156)
                                        Office of the Attorney General
                                        900 East Main Street
                                        Richmond, Virginia 23219
                                        (804) 786-7240 – Telephone
                                        (804) 371-0200 – Facsimile
                                        dgetchell@oag.state.va.us
                                        *Counsel for Defendants*

Kenneth T. Cuccinelli, II
Attorney General of Virginia

E. Duncan Getchell, Jr., VSB #14156
Solicitor General of Virginia
E-mail:  dgetchell@oag.state.va.us

Wesley G. Russell, Jr., VSB #38756
Deputy Attorney General
E-mail:  wrussell@oag.state.va.us

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of January, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following counsel of record for Plaintiff:

| | |
|---|---|
| M. F. Connell Mullins, Jr., Esquire<br>Hugh M. Fain, III, Esquire<br>Edward Everett Bagnell, Jr., Esquire<br>Spotts Fain P.C.<br>411 East Franklin Street, Suite 600<br>Richmond, Virginia 23219<br>Phone: (804) 697-2040<br>Fax: (804) 697-2140<br>cmullins@spottsfain.com<br>hfain@spottsfain.com<br>ebagnell@spottsfain.com | Joseph M. Nixon, Esquire (*pro hac vice* to be filed)<br>James E. Trainor, III, Esquire (*pro hac vice* to be filed)<br>Martin D. Beirne, Esquire (*pro hac vice* to be filed)<br>Beirne, Maynard & Parsons, L.L.P.<br>1300 Post Oak Boulevard, Suite 2500<br>Houston, TX 77056<br>Phone: (713) 623-0887<br>Fax: (713) 960-1527<br>jnixon@bmpllp.com<br>ttrainor@bmpllp.com<br>mbeirne@bmpllp.com |

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed one copy of the foregoing document by First-Class Mail to the following non-CM/ECF participant:

Lee Elton Goodman, Esquire
LeClairRyan, P.C.
1701 Pennsylvania Ave. NW
Suite 1045
Washington, DC 20006
Phone: (202) 659-4140

                                                                                /s/
                                          E. Duncan Getchell, Jr.
                                          Solicitor General of Virginia
                                          (VSB No. 14156)
                                          Office of the Attorney General
                                          900 East Main Street
                                          Richmond, Virginia 23219
                                          (804) 786-7240 – Telephone
                                          (804) 371-0200 – Facsimile
                                          dgetchell@oag.state.va.us
                                          *Counsel for Defendants*