IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**THE HONORABLE RICK PERRY,**

    **Plaintiff,**

                                                                     Civil No.  3:11-CV-856

**vs.**

**CHARLES JUDD, KIMBERLY
BOWERS, and DON PALMER, members**
of the Virginia State Board of Elections, in
their official capacities, and **PAT MULLINS,**
in his official capacity as Chairman of the
Republican Party of Virginia,

    **Defendants.**

_____/

### MEMORANDUM IN SUPPORT OF NEWT GINGRICH, JON HUNTSMAN, JR., AND RICK SANTORUM'S MOTION TO INTERVENE

The Honorable Newt Gingrich, the Honorable Jon Huntsman, Jr., and the Honorable Rick Santorum (collectively, "Proposed Plaintiffs") respectfully move the Court for leave to intervene as Plaintiffs in this case.  Plaintiff Rick Perry ("Plaintiff") seeks a ruling from the Court which, if successful, would enable him to certify the placement of his name on the Virginia presidential primary's Republican ballot.  The Proposed Plaintiffs are Republican candidates for President of the United States that Defendants preliminarily determined had not submitted the requisite petition signatures under VA. CODE ANN. § 24.2-545 B to be eligible for certification to the Virginia presidential primary's Republican ballot.  Defendants also made the same determination regarding Plaintiff, which serves as the basis for the present lawsuit.  The Proposed Plaintiffs will suffer substantially if not permitted to participate in the Virginia Republican Presidential

Primary. Therefore, given Proposed Plaintiffs' direct and compelling interests regarding intervention in this lawsuit, the Court should grant the present Motion to Intervene because the Proposed Plaintiffs easily meet the standards for intervention set forth under Fed. R. Civ. P. 24.

## INTRODUCTION

In this case, Plaintiff requests that this Court declare that the requirement, contained in Virginia Code section 24.2-545 B, for petition circulators to be either eligible or registered qualified voters in the state be declared unconstitutional as applied to Plaintiff and facially; issue preliminary and permanent injunctions enjoining Defendants and all successors in office from enforcing the requirement for petition circulators to be either eligible or registered qualified voters in the state; issue preliminary and permanent injunctions compelling Defendants to certify Plaintiff as a candidate for the Virginia presidential primary's Republican ballot; award reasonable costs and attorneys' fees; and provide all other relief the Court deems just and appropriate.

If the Court were to grant Plaintiff the relief he seeks, the Proposed Plaintiffs' interests in participating in Virginia's Republican presidential primary would be substantially impaired due to denial of their access to the ballot under the same burdensome petition signature requirements challenged by the Plaintiff in this lawsuit. The Proposed Plaintiffs' motion to intervene is timely, given that it is being filed before Defendants have filed their Answers and prior to the January 6, 2012 deadline put forth by this Court in its Order of December 29, 2011. The Proposed Plaintiffs therefore respectfully request that this Court grant their motion and issue an order granting the Proposed Plaintiffs leave to intervene in this action.

## BACKGROUND AND STATEMENT OF FACTS

### Introduction

Proposed Plaintiffs are candidates for the office of President of the United States. The dispute between Plaintiff, Proposed Plaintiffs and Defendant members of the Virginia State Board of Elections (the "Board") arises from Proposed Plaintiffs efforts to qualify for the Republican ballot in Virginia's March 6, 2012 presidential primary election. Proposed Plaintiffs and Plaintiff were unable to obtain a sufficient number of signatures from qualified voters to qualify for the Virginia presidential primary's Republican ballot due to the state's statutory framework and the Board's requirement that all petition circulators be an eligible or registered qualified voter in Virginia.

### Statutory Scheme

In Virginia, a candidate seeking the nomination of a national political party for the Office of President of the United States must complete a Consent/Declaration Form. *See* VA. CODE ANN. § 24.2-545 B; *see also* Plaintiff's Complaint for Declaratory Judgment and Injunctive Relieve ("Plaintiff's Complaint"), Exhibit A. The candidate must then file petitions with the Board signed by at least 10,000 qualified voters, including at least 400 qualified voters from each congressional district in the Commonwealth, who attest that they intend to participate in the primary of the same political party as the candidate for whom the petitions are filed. *See* VA. CODE ANN. § 24.2-545 B; *see also* Plaintiff's Complaint, Exhibit B. Based upon the official form prescribed by the Board, the petition signatures must be from registered voters and collected after July 1, 2011 by a registered voter or someone eligible to vote in Virginia who signs the petition in the presence of a notary. *See* Plaintiff's Complaint, Exhibit C.

The signed petitions then must be filed by the primary filing deadline. VA. CODE ANN. § 24.2-545 B. In the present matter, that deadline was Thursday, December 22, 2011. VA. CODE ANN.§ 24.2-544 B. The Board then turns the petitions over to the Republican Party of Virginia (the "Party"). VA. CODE ANN.§ 24.2-544 B. The Party then certifies to the Board, by the statutory deadline, the candidates who are qualified to appear on the presidential primary ballot. VA. CODE ANN. §§ 24.2.-527 and 24.2-544 B. The deadline in this case was Tuesday, December 27, 2011 by 5:00 PM. Ultimately, the Board conducts a drawing of candidate names for placement on the presidential primary ballot. VA. CODE ANN. § 24.2-545 C.

**Facts**

The Proposed Plaintiffs declared themselves as candidates for the Office of President of the United States on the following dates:

- Proposed Plaintiff Gingrich on May 11, 2011;
- Proposed Plaintiff Huntsman on June 21, 2011; and
- Proposed Plaintiff Santorum on June 6, 2011.

Moreover, the Proposed Plaintiffs filed Statements of Candidacy with the Federal Election Commission on the following dates:

- Proposed Plaintiff Gingrich on May 16, 2011;
- Proposed Plaintiff Huntsman on June 28, 2011; and
- Proposed Plaintiff Santorum on June 6, 2011.

In preparation for and anticipation of participating in the Virginia presidential primary, Proposed Plaintiffs Gingrich and Santorum signed and affirmed, in the presence of a notary, their Declarations of Candidacy for the Commonwealth of Virginia on December 22, 2011. Proposed Plaintiff Huntsman did not sign or affirm such a Declaration of Candidacy for the

Commonwealth of Virginia because he was unable to meet the petition signature requirements of VA. CODE ANN. § 24.2-545 B due to the Board's condition that all petition circulators be an eligible or registered qualified voter in Virginia.

On December 22, 2011, Proposed Plaintiff Gingrich submitted to the Board approximately 11,050 petition signatures of purportedly eligible Virginia voters, of which less than 10,000 were ultimately verified as registered voters on the Board's registration rolls. Proposed Plaintiff Santorum collected in excess of 8,000 petition signatures of purportedly eligible Virginia voters which the Board refused to accept because the number submitted did not exceed the statutory requirement that candidates submit 10,000 petitions signed by registered voters on the Board's registration rolls. Proposed Plaintiff Huntsman, due to the burden imposed by VA. CODE ANN. § 24.2-545 B and associated Board policies, was unable to submit petitions containing the signatures of qualified Virginia voters. On December 22, 2011, the Virginia State Board of Elections made a preliminary determination and publically announced that Proposed Plaintiffs Huntsman and Santorum had not submitted the requisite petitions signatures under VA. CODE ANN. § 24.2-545 B and would not be certified for the placement of their names on the presidential primary ballot. On December 23, 2011, Defendant Mullins made a preliminary determination and publically announced that Proposed Plaintiff Gingrich had not submitted enough petition signatures and would not be certified for the placement of his name on the presidential primary ballot.

In light of these facts, Proposed Plaintiffs seek intervention in the instant dispute based upon the legal justifications set forth below.

**ARGUMENT**

I. **The Proposed Plaintiffs Are Entitled To Intervene As A Matter Of Right Under Fed. R. Civ. P. 24(A)(2)**

The Court should hold that the Proposed Plaintiffs are entitled to intervene as a matter of right under Fed. R. Civ. P. 24(a)(2). To intervene as a matter of right, an applicant must meet the following four requirements: (1) the application to intervene must be timely; (2) the applicant must have an interest in the subject matter of the underlying action; (3) a denial of the motion to intervene would impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest must not be adequately represented by the existing parties to the litigation. *Houston Gen. Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999) (citing Fed. R. Civ. P. 24(a)); *Newport News Shipbuilding & Drydock Co. v. Peninsula Shipbuilders' Ass'n*, 646 F.2d 117, 120 (4th Cir. 1981)); *United Guar. Residential Ins. Co. of Iowa v. Philadelphia Sav. Fund Soc'y*, 819 F.2d 473, 474 (4th Cir. 1999). The Proposed Plaintiffs satisfy these four requirements as shown below.

    A. **The Proposed Plaintiffs' Application is Timely**

Under Fed. R. Civ. P. 24, a motion to intervene must be timely. *Gould v. Alleco, Inc.*, 883 F.2d 281, 286 (4th Cir. 1989); *Houston Gen.*, 193 F.3d at 839. The Court's "sound discretion" determines whether a motion to intervene is timely. *Black v. Cent. Motor Lines, Inc.*, 500 F.2d 407, 408 (4th Cir. 1974). To determine timeliness, the Fourth Circuit has enumerated the following factors to consider: (i) the point to which the suit has progressed, (ii) the length of time that the applicant knew or should have known of the litigation, and (iii) the prejudice caused to the other parties by the delay. *Hill Phoenix, Inc. v. Systematic Refrigeration, Inc.*, 117 F. Supp. 2d 508, 514 (E.D. Va. 2000) (citing *Spring Constr. Co. v. Harris*, 614 F.2d 374, 377 (4th Cir. 1980) (internal citation omitted)).

6

The Proposed Plaintiffs seek to intervene in accordance with the deadline set forth by the Court in its Order dated December 29, 2011 and before the Defendants' deadline to answer or otherwise respond to the Plaintiff's Complaint. The suit has not progressed to the point that there have been any substantive rulings by the Court or any substantive motions by the parties. As such, there is no basis for concluding that any party would be prejudiced by the timing of this motion, which has been filed at the inception of the case. Therefore, the Court should hold that the Proposed Plaintiffs' motion to intervene is timely.[1]

### B. The Proposed Plaintiffs' Have a Direct Interest in the Subject Matter of this Proceeding

The Proposed Plaintiffs have an obvious, compelling and direct interest in the subject matter of this proceeding because it directly concerns their ability to have their names certified for placement on the Virginia presidential primary's Republican ballot, an opportunity previously denied them by the same burdensome petition signature requirements challenged by the Plaintiff. Under the present circumstances, Plaintiff's claims, if successful, would enable him to have his name certified for placement on the Virginia presidential primary's Republican ballot. As such, the Proposed Plaintiffs share the Plaintiff's interest in and need to be certified for such placement. Should the Plaintiff prevail in the underlying matter, and the Proposed Plaintiffs be denied the right to intervene, Plaintiff would gain a substantial and unfair advantage in the national primary race for the Republican nomination for President. In fact, if Plaintiff is permitted to participate in Virginia's presidential primary based upon the granting of an injunction against the statutory framework at issue in his complaint, and Proposed Plaintiffs, who are also disadvantaged by the same legal structure, are not given the same opportunity, they will

---

[1] As required by Fed. R. Civ. P. 24(c), the Proposed Plaintiffs have filed their Proposed Complaint for Declaratory and Injunctive Relief with this motion.

suffer severe and significant harm to their candidacies and inequitable treatment when compared to Plaintiff and other candidates in the Republican primary race. Therefore, allowing Plaintiff to move forward with the underlying lawsuit without intervention by the Proposed Plaintiffs would create an unfair political advantage that could substantially impact the outcome of the national Republican presidential primary race.

### C. Disposition of the Matter Would Impair the Proposed Plaintiffs' Ability to Protect Their Interests

Disposition of this action would impair the Proposed Plaintiffs' ability to protect their substantial interests in participating in the Virginia Republican presidential primary. Because the relief sought by the Plaintiff includes compelling Defendants to certify him as a candidate for the Virginia presidential primary's Republican ballot, such relief would practically and significantly impair the Proposed Plaintiffs' interests in that they were denied access to Virginia's ballot due to the same overarching statutory requirements. The deadline for certification and printing of the ballots is fast approaching and the filing of separate and distinct lawsuits would unnecessarily and detrimentally delay resolution of the underlying issues in such a manner that could make it impossible for the Proposed Plaintiffs to be added to the Virginia presidential primary's Republican ballot regardless of the outcome of this motion and/or the underlying lawsuit. *Atl. Sea Island Grp., LLC v. Connaughton*, 592 F. Supp. 2d 1, 6-7 (D.D.C. 2008).

### D. The Proposed Plaintiffs' Interests Are Not Adequately Represented by Existing Parties

This final element of the intervention test "is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Cooper Techs., Co. v. Dudas*, 247 F.R.D. 510, 515 (E.D. Va. 2007) (*citing Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972)). Plaintiff's presidential candidacy is in direct opposition to the candidacies of the Proposed Plaintiffs.

Plaintiff stands to gain significantly, and to the detriment of the Proposed Plaintiffs, by participating in the Virginia Republican Presidential Primary while the Proposed Plaintiffs are denied this opportunity. Therefore, Plaintiff does not, and cannot, adequately protect the interests of the Proposed Plaintiffs because the Proposed Plaintiffs share an interest in the same outcome as does Mr. Perry, but for "arguably [] different reasons," that "might foreseeably dictate different approaches to the litigation." *Cooper*, 247 F.R.D. at 515; *see also Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 736 (D.C. Cir. 2003) (granting intervention where, although federal defendant and intervenor's initial positions were similar, it was not unlikely that their interests "might diverge during the course of litigation" due to their differing obligations).

Here the Proposed Plaintiffs and Plaintiff have a common interest in being certified as candidates for the Virginia presidential primary's Republican ballot, but for different reasons. The Proposed Plaintiffs and Plaintiff obviously do not share the same goals in the outcome of that election. Furthermore, while the Plaintiff and the Proposed Plaintiffs were denied certification by Defendants to the Virginia presidential primary's Republican ballot based upon the same overarching petition signature requirements, the specific reasons for each denial varies by candidate. For these reasons, the Proposed Plaintiffs likely will have different approaches than the Plaintiff to the underlying litigation. In light of these facts, the Proposed Plaintiffs have met their minimal burden to prove that the Plaintiff may not adequately protect their interests in the instant matter.

## II. IN THE ALTERNATIVE, THE COURT SHOULD GRANT THE PROPOSED PLAINTIFFS PERMISSION TO INTERVENE UNDER FED. R. CIV. P. 24(B)

In the alternative, the Court should grant the Proposed Plaintiffs permission to intervene under Fed. R. Civ. P. 24(b). The Court may grant permissive intervention when (1) the motion is timely, (2) the applicant's claim or defense has a question of law or fact in common with the

9

main action, and (3) intervention will not delay or prejudice the adjudication of the rights of the original parties. *In re Sierra Club*, 945 F.2d 776, 779 (4th Cir. 1991).

These standards are easily met here. *First*, as discussed above, this motion is timely filed, as it is filed both prior to the January 6, 2012 deadline set forth in this Court's Order of December 29, 2011 and prior to the Defendants' deadline to file an answer to Plaintiff's claims. *Second*, by addressing the requirement for petition signatures and the reason(s) the Proposed Plaintiffs were denied the opportunity to be certified as candidates for the Virginia presidential primary's Republican ballot, both individually and collectively, the Proposed Plaintiffs will undoubtedly raise defenses that have questions of law and fact in common with the underlying action. *Third*, granting the Proposed Plaintiffs leave to intervene will not delay this matter, which is in its infancy, or prejudice the adjudication of the rights of the original parties. Indeed, the Proposed Plaintiffs are prepared to contribute to the full development of the factual and legal issues already presented, explaining the adverse impact that denying their opportunity to be certified as candidates for the Virginia primary ballot would have on their respective presidential campaigns, the pending presidential primary, the national race for the Republican presidential nomination, and the public as a whole.

## CONCLUSION

For the foregoing reasons, this Court should grant the Proposed Plaintiffs' Motion to Intervene and permit the Proposed Plaintiffs to appear in this action as Plaintiffs. A copy of the Proposed Plaintiffs' proposed Complaint accompanies this Memorandum.

Respectfully submitted this 4th day of January, 2012.

_____/S/_____
J. Christian Adams
Election Law Center, PLLC
300 N. Washington St., Suite 405
Alexandria, VA 22314
Tel: 703-963-8611
Fax: 703-740-1773
adams@electionlawcenter.com
Virginia Bar #42543


Stefan C. Passantino
J. Randolph Evans
Benjamin P. Keane
McKenna Long & Aldridge, LLP
1900 K St. NW
Washington, DC 20009
Tel: 202-496-7500
Fax: 202-496-7756

ATTORNEYS FOR PROPOSED PLAINTIFF-INTERVENOR NEWT GINGRICH

*Pro Hac Vice applications to be filed*


Craig Engle
Arent Fox LLP
1050 Connecticut Avenue, NW
Washington, DC 20036-5339
Tel: 202-857-6000
Fax: 202-857-6395

ATTORNEY FOR PROPOSED PLAINTIFF-INTERVENOR JON HUNTSMAN, JR.

*Pro Hac Vice application to be filed*


Cleta Mitchell, Bar
Foley & Lardner LLP
3000 K Street, N.W.
Suite 600
Washington, DC 20007-5109

11

Tel: 202-672-5300
Fax: 202-672-5399

ATTORNEY FOR PROPOSED
PLAINTIFF-INTERVENOR RICK
SANTORUM

*Pro Hac Vice application to be filed*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of January, 2012, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Joseph M. Nixon
>James E. Trainer, III
>Martin D. Beirne
>Beirne, Maynard, & Parsons, LLP
>1300 Post Oak Boulevard
>Suite 2500
>Houston, Texas 77056

Respectfully submitted this 4th day of January, 2012.

>_____/S/_____
>J. Christian Adams
>Election Law Center, PLLC
>300 N. Washington St., Suite 405
>Alexandria, VA 22314
>Tel: 703-963-8611
>Fax: 703-740-1773
>adams@electionlawcenter.com
>Virginia Bar #42543
>
>Stefan C. Passantino
>J. Randy Evans
>Benjamin P. Keane, Georgia Bar
>McKenna Long & Aldridge, LLP
>1900 K St. NW
>Washington, DC 20009
>Tel: 202-496-7500
>Fax: 202-496-7756
>
>ATTORNEYS FOR PROPOSED PLAINTIFF-INTERVENOR NEWT GINGRICH
>
>*Pro Hac Vice applications to be filed*

Craig Engle
Arent Fox LLP
1050 Connecticut Avenue, NW
Washington, DC 20036-5339
Tel: 202-857-6000
Fax: 202-857-6395

ATTORNEY FOR PROPOSED
PLAINTIFF-INTERVENOR JON
HUNTSMAN, JR.

*Pro Hac Vice application to be filed*


Cleta Mitchell
Foley & Lardner LLP
3000 K Street, N.W.
Suite 600
Washington, DC 20007-5109
Tel: 202-672-5300
Fax: 202-672-5399

ATTORNEY FOR PROPOSED
PLAINTIFF-INTERVENOR RICK
SANTORUM

*Pro Hac Vice application to be filed*