IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

**THE HONORABLE NEWT GINGRICH, THE HONORABLE JON HUNTSMAN, JR., and THE HONORABLE RICK SANTORUM**

    Proposed Plaintiffs-Intervenors,

                                         Civil No. 3:11-CV-856

vs.

**CHARLES JUDD, KIMBERLY BOWERS, and DON PALMER,** members of the Virginia State Board of Elections, in their official capacities, and **PAT MULLINS**, in his official capacity as Chairman of the Republican Party of Virginia,

    **Defendants.**

_____/

## PROPOSED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

The Honorable Newt Gingrich, the Honorable Jon Huntsman, Jr., and the Honorable Rick Santorum (collectively, "Proposed Plaintiffs") complain against Defendants as follows:

### Introduction

1. Proposed Plaintiffs are candidates for office of President of the United States. The dispute between Proposed Plaintiffs and Defendant members of the Virginia State Board of Elections arises from Proposed Plaintiffs efforts to qualify for the March 6, 2012 Republican Primary election ballot.

2. Proposed Plaintiffs were unable to obtain a sufficient number of signatures from qualified voters to qualify for the Virginia Republican Party presidential primary ballot due to

the Board's requirement that all petition circulators be eligible or registered qualified voters in Virginia.

3. Virginia's requirement for petition circulators to be either eligible or registered qualified voters in the state violates Proposed Plaintiffs' freedoms of speech and association protected by the First and Fourteenth Amendments to the United States Constitution. By enforcing the petition signature collection requirements in connection with Proposed Plaintiffs' candidacies, Defendants have violated the rights of Proposed Plaintiffs to engage in protected speech and association activities under the United States Constitution.

4. Because Proposed Plaintiffs seek access to the March 6, 2012 Republican Party primary ballot in Virginia, the deadline for printing those ballots is quickly approaching, and because Proposed Plaintiffs have no adequate remedy at law, this Complaint seeks declaratory and injunctive relief in the form of preliminary and permanent injunctions.

## Jurisdiction and Venue

5. This Court has jurisdiction over Proposed Plaintiffs claims arising under 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the United States Constitution. 28 U.S.C. § 1331, 1343(a).

6. Venue is proper in this district, and in the Richmond Division, because Defendants are residents of or have their official offices in the Eastern District of Virginia, in the City of Richmond. 28 U.S.C. § 1391(b)(1); E.D. Va. R. 3(C).

## Parties

7. Proposed Plaintiff Newt Gingrich is a resident of the Commonwealth of Virginia and former Speaker of the United States House of Representatives from the State of Georgia. Speaker Gingrich satisfies all the requirements of Article II, Section 1, clause 5 of the United

States Constitution and is otherwise eligible and qualified to serve as President of the United States.

8. Proposed Plaintiff Jon Huntsman, Jr. is a resident and former Governor of the State of Utah. Governor Hunstman satisfies all the requirements of Article II, Section 1, clause 5 of the United States Constitution and is otherwise eligible and qualified to serve as President of the United States.

9. Proposed Plaintiff Rick Santorum is a resident of the Commonwealth of Virginia and former U.S. Senator for the Commonwealth of Pennsylvania. Senator Santorum satisfies all the requirements of Article II, Section 1, clause 5 of the United States Constitution and is otherwise eligible and qualified to serve as President of the United States.

10. As officers and members of the Virginia State Board of Elections (the "Board"), Defendants Charles Judd (Chairman), Kimberly Bowers (Vice-Chair), and Don Palmer (Secretary) are responsible for creating the form for and receiving petition signatures for primary ballot access for a candidate for President of the United States. VA. CODE ANN. § 24.2-545 B. The Board has authority to make rules and regulations, issue instructions, and provide information consistent with the election laws to county and city electoral boards and registrars to promote the proper administration of election laws. VA. CODE ANN. § 24.2-103.

11. As Chairman of the Republican Party of Virginia (the "Party"), Defendant Pat Mullins, in his official capacity Chairman of the Party, is responsible for certifying to the Board all candidates who meet the statutory petition signature scheme. VA. CODE ANN. § 24.2-545 B. The Party is one of only two entities recognized in Virginia as a political party. VA. CODE ANN. §24.2-101.

### Statutory Scheme

12. In Virginia, a candidate seeking the nomination of a national political party for the Office of President of the United States must complete a Consent/Declaration Form. VA. CODE ANN. § 24.2-545 B. *See* Plaintiff's Complaint for Declaratory Judgment and Injunctive Relief ("Plaintiff's Complaint"), Exhibit A.

13. The candidate must then file petitions with the Board signed by at least 10,000 qualified voters, including at least 400 qualified voters from each congressional district in Virginia who attest that they intend to participate in the primary of the same political party as the candidate for whom the petitions are filed. VA. CODE ANN. § 24.2-545 B. *See* Plaintiff's Complaint, Exhibit B.

14. Based upon the official form prescribed by the Board, the petition signatures must be from registered voters, and collected after July 1, 2011 by a registered voter or someone eligible to vote in Virginia who signs the petition in the presence of a notary. *See* Plaintiff's Complaint, Exhibit C.

15. The petitions must be filed by the primary filing deadline. VA. CODE ANN. § 24.2-545 B. In this instance, the Board's filing deadline was Thursday, December 22,. VA. CODE ANN.§ 24.2-544 B.

16. The State Board then turns the petitions over to the Party. VA. CODE ANN.§ 24.2-544 B.

17. By the statutory deadline, the Party then certifies to the Board the candidates who are qualified to appear on the presidential primary ballot. VA. CODE ANN. §§ 24.2.-527 and 24.2-544 B. The deadline in this case was Tuesday, December 27, 2011 by 5:00 PM.

18. Finally, the Board conducts a drawing of candidate names for placement on the presidential primary ballot. VA. CODE ANN. § 24.2-545 C.

**Facts**

19.     Proposed Plaintiff Gingrich declared himself a candidate for the Office of President of the United States on May 11, 2011.

20.     Proposed Plaintiff Huntsman declared himself a candidate for the Office of President of the United States on June 21, 2011.

21.     Proposed Plaintiff Santorum declared himself a candidate for the Office of President of the United States on June 6, 2011.

22.     On May 16, 2011, Proposed Plaintiff Gingrich filed his Statement of Candidacy with the Federal Election Commission.

23.     On June 28, 2011, Proposed Plaintiff Huntsman filed his Statement of Candidacy with the Federal Election Commission.

24.     On June 6, 2011, Proposed Plaintiff Santorum filed his Statement of Candidacy with the Federal Election Commission.

25.     On December 22, 2011, Proposed Plaintiffs Gingrich and Santorum signed and affirmed, in the presence of a notary, their Declarations of Candidacy for the Commonwealth of Virginia.

26.     Proposed Plaintiff Huntsman did not sign or affirm, in the presence of a notary, a Declaration of Candidacy for the Commonwealth of Virginia because he was unable to meet the petition signature requirements of VA. CODE ANN. § 24.2-545 B due to the Board's condition that all petition circulators be eligible or registered qualified voters in Virginia.

27.     On December 22, 2011, Proposed Plaintiff Gingrich submitted to the Board 11,050 petition signatures of purportedly eligible Virginia voters, of which less than 10,000 were ultimately verified as registered voters on the Board's registration rolls.  Proposed Plaintiff

Huntsman, due to the burden imposed by VA. CODE ANN. § 24.2-545 B and associated Board policies, was unable to submit petitions containing the signatures of qualified Virginia voters.

28.    Proposed Plaintiff Santorum collected in excess of 8,000 petition signatures of purportedly eligible Virginia voters and on December 22, 2011 attempted to submit the petitions to the Board. The Board refused to accept these signatures because the number submitted did not exceed the statutory requirement that candidates submit 10,000 petitions signed by registered voters on the Board's registration rolls.

29.    On December 22, 2011, the Virginia State Board of Elections made a preliminary determination and publically announced that Proposed Plaintiffs Huntsman and Santorum had not submitted the requisite petitions signatures under VA. CODE ANN. § 24.2-545 B and would not be certified for the placement of their names on the presidential primary ballot.

30.    On December 23, 2011, Defendant Mullins made a preliminary determination and publically announced that Proposed Plaintiff Gingrich had not submitted enough petition signatures and would not be certified for the placement of his name on the presidential primary ballot.

31.    Virginia's requirement for petition circulators to be either eligible or registered qualified voters in the state imposes a severe burden on Proposed Plaintiffs' freedoms of speech and association because it substantially limits the number of eligible petition circulators.

32.    Virginia's requirement for petition circulators to be either eligible or registered qualified voters in the state imposes a severe burden on Proposed Plaintiffs freedoms of speech and association because it prohibits otherwise qualified candidates for the Office of President of the United States from circulating their own candidate petitions.

33. Virginia's requirement for petition circulators to be either eligible or registered qualified voters in the state prohibited Proposed Plaintiffs from recruiting petition circulators who live outside the Commonwealth of Virginia to circulate petitions on their behalf.

34. Virginia's requirement that candidates obtain more than 10,000 signatures of registered voters on the petitions, gathered solely by Virginia registered or eligible voters and allocated by congressional district further impeded and impermissibly burdened the ability of Proposed Plaintiffs to secure access to the Virginia primary ballot.

35. Proposed Plaintiffs have no adequate remedy at law.

## Count 1

36. Proposed Plaintiffs re-allege and incorporate by reference all of the allegations contained in all of the preceding paragraphs.

37. In *Buckley v. American Constitutional Law Foundation,* 525 U.S. 182 (1999) *("ACLF"),* the Supreme Court held that a Colorado law requiring all petition circulators to be registered Colorado voters violated the First Amendment to the United States Constitution.[1] The Court held that the restriction imposed severe burdens on core political speech, *id.* at 192, was subject to strict scrutiny, *id.* at 192 n.12, and that the state's interests were not sufficient to justify the imposed burdens, *id.* at 192.

---

[1] The American Constitutional Law Foundation did not challenge Colorado's residency requirement because the registration requirement also required a circulator to reside in Colorado. *ACLF,* 525 U.S. at 189 n.3. Virginia's requirement is more restrictive than the Colorado provision. In Virginia, not only must the circulator be a qualified voter (*i.e.*, a Virginia resident), but they also must be eligible to vote for the candidate for whom they are circulating the petition.

38. Applying the *ACLF* standard, numerous courts have ruled that state- and/or district-residency requirements violate the First Amendment. *See Yes on Term Limits, Inc. v. Savage,* 550 F.3d 1023 (10th Cir. 2008) (state-residency requirement); *Nader* v. *Brewer,* 531 F.3d 1028 (9th Cir. 2008) (same); *Nader v. Blackwell,* 545 F.3d 459 (6th Cir. 2008) (same); *Chandler* v. *City of Arvada,* 292 F.3d 1236 (10th Cir. 2002) (city-residency requirement); *Lerman v. Bd. of Elections in the City of New York,* 232 F.3d 135 (2d Cir. 2000) (district-residency requirement); *Krislov v. Rednour,* 226 F.3d 851 (7th Cir. 2000) (state- *and* district-residency requirements); *Bogaertv. Land,* 572 F. Supp. 883 (W.D. Mich. 2008) (district-residency requirement); *Framiv. Ponto,* 255 F. Supp. 2d 962 (W.D. Wis. 2003) (same); *Morrill* v. *Weaver,* 224 F. Supp. 2d 882 (E.D. Penn. 2002) (same).

39. VIRGINIA CODE § 24.2-545 B's requirement for petition circulators to be either eligible or registered qualified voters in the state violates freedoms of speech and association protected by the First and Fourteenth Amendments to the United States Constitution.

40. Virginia's unconstitutional requirement for petition circulators to be either eligible or registered qualified voters in the state prohibited Proposed Plaintiffs from recruiting other petition circulators and obtaining the necessary petition signatures for ballot access.

## Count 2

41. Proposed Plaintiffs re-allege and incorporate by reference all of the allegations contained in all of the preceding paragraphs.

42. Virginia's requirement that a presidential primary candidate collect signatures from 10,000 qualified voters, including at least 400 qualified voters from each congressional district in the Commonwealth, who attest that they intend to participate in the primary of the same political party as the candidate for whom the petitions are signed and filed violates

freedoms of speech and association protected by the First and Fourteenth Amendments to the United States Constitution.

### Prayer for Relief

Wherefore, Proposed Plaintiffs pray for the following relief:

1. Declaratory judgment that the requirement for petition circulators to be either eligible or registered qualified voters in the state provision contained in Virginia Code section 24.2-545 B is unconstitutional as applied to Proposed Plaintiffs and facially;

2. Preliminary and permanent injunctions enjoining Defendants and all successors in office from enforcing the requirement for petition circulators to be either eligible or registered qualified voters in the state;

3. Preliminary and permanent mandatory injunctions compelling Defendants to certify Proposed Plaintiffs as candidates for the Republican Party presidential primary ballot;

4. Reasonable costs and attorneys' fees incurred as a consequence of Proposed Plaintiffs' efforts to safeguard their constitutionally protected rights, pursuant to 28 U.S.C. § 1988 and any other statute or authority; and

5. Any other relief this Court in its discretion deems just and appropriate.

Date: January 4, 2012

Respectfully submitted,

_____/S/_____
J. Christian Adams
Election Law Center, PLLC
300 N. Washington St., Suite 405
Alexandria, VA 22314
Tel: 703-963-8611
Fax: 703-740-1773
adams@electionlawcenter.com

Virginia Bar #42543

Stefan C. Passantino
J. Randolph Evans
Benjamin P. Keane
McKenna Long & Aldridge, LLP
1900 K St. NW
Washington, DC 20009
Tel: 202-496-7500
Fax: 202-496-7756

ATTORNEYS FOR PROPOSED PLAINTIFF-INTERVENOR NEWT GINGRICH

*Pro Hac Vice applications to be filed*

Craig Engle
Arent Fox LLP
1050 Connecticut Avenue, NW
Washington, DC 20036-5339
Tel: 202-857-6000
Fax: 202-857-6395

ATTORNEY FOR PROPOSED PLAINTIFF-INTERVENOR JON HUNTSMAN, JR.

*Pro Hac Vice application to be filed*

Cleta Mitchell
Foley & Lardner LLP
3000 K Street, N.W.
Suite 600
Washington, DC 20007-5109
Tel: 202-672-5300
Fax: 202-672-5399

ATTORNEY FOR PROPOSED PLAINTIFF-INTERVENOR RICK SANTORUM

*Pro Hac Vice application to be filed*

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of January, 2012, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Hugh M. Fain, III (VSB No. 26494)
Email:  hfain@spottsfain.com
M. F. Connell Mullins, Jr. (VSB No. 47213)
Email:  cmullins@spottsfain.com
Edward Everett Bagnell, Jr. (VSB No. 74647)
Email:  ebagnell@spottsfain.com
SPOTTS FAIN PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Telephone: (804) 697-2000
Facsimile: (804) 697-2100
*Counsel for The Honorable Rick Perry*

Joseph M. Nixon (Admitted *pro hac vice*)
Email: jnixon@bmpllp.com
James E. ("Trey") Trainor, III (Admitted *pro hac vice*)
Martin D. Beirne (Admitted *pro hac vice*)
Email: ttrainor@bmpllp.com
BEIRNE, MAYNARD & PARSONS, L.L.P.
1300 Post Oak Boulevard, Suite 2500
Houston, TX 77056
Telephone: (713) 623-0887
Facsimile: (713) 960-1527
*Counsel for The Honorable Rick Perry*

E. Duncan Getchell, Jr.
Wesley G. Russell
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
Telephone (804) 786-2436
dgetchell@oag.state.va.us
wrussell@oag.state.va.us
*Counsel for Charles Judd, Kimberly Bowers
and Don Palmer, members of the Virginia
State Board of Elections, in their official capacity*

Joseph N. Lief
Virginia International Raceway

1245 Pinetree Road
Alton, Virginia 24520
Telephone: (434) 822-7700
*Counsel for Charles Judd, Kimberly Bowers*
*and Don Palmer, members of the Virginia*
*State Board of Elections, in their official capacity*


Lee Elton Goodman
lee.goodman@leclairryan.com
LeClairRyan, A Professional Corporation
1701 Pennsylvania Ave NW
Suite 1045
Washington, DC 20006
*Counsel for Pat Mullins,*
*in his official capacity as*
*Chairman of the Republican Party of Virginia.*

Charles M. Sims (VSB No. 35845)
LeClairRyan, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, Virginia 23219
Telephone: (804) 343-5091
Facsimile:  (804) 783-7655
Charles.sims@leclairryan.com
*Counsel for Patrick Mullins,*
*Chairman of the Republican Party of Virginia*


Respectfully submitted this 4th day of January, 2012.


                                                  /S/
                                         J. Christian Adams
                                       Virginia Bar #42543
                                       Election Law Center, PLLC
                                       300 N. Washington St., Suite 405
                                       Alexandria, VA 22314
                                       Tel: 703-963-8611
                                       Fax: 703-740-1773
                                       adams@electionlawcenter.com