## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| **THE HONORABLE RICK PERRY,** | § § | |
| **Plaintiff,** | § § | |
| **NEWT GINGRICH, JON HUNTSMAN, JR., and RICK SANTORUM** | § § § | |
| **Intervernor-Plaintiffs** | § § § | |
| **v.** | § § | **Civil No. 3:11-CV-856** |
| **CHARLES JUDD, KIMBERLY BOWERS, and DON PALMER, members of the Virginia Board of Elections, in their official capacities, and PAT MULLINS, in his official capacity as Chairman of the Republican Party of Virginia,** | § § § § § § § § § § | |
| **Defendants.** | § | |

## FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Pursuant to Federal Rule of Civil Procedure 15(a)(1)(A), The Honorable Rick Perry files this First Amended Complaint and complains against Defendants as follows:

### INTRODUCTION

1.      Plaintiff Rick Perry is a candidate for the office of President of the United States.  The dispute between Plaintiff and Defendant members of the Virginia State Board of Elections (the "Board") arises from Plaintiff's efforts to qualify for the March 6, 2012 Republican Primary election ballot.

2.      The Board, based on information and belief, has developed, adopted and implemented the use of a form for collecting petition signatures that it has failed to preclear pursuant to Section 5 of the Voting Rights Act of 1965.  42 U.S.C. § 1973c.

3.      The Board adopted and implemented ballot access requirements on May 25, 2011.  Based upon information and belief, the Board did not preclear the use of these ballot access requirements and has implemented those requirements statewide.

4.      Defendant Mullins published a letter outlining ballot access requirements which also was not precleared but implemented statewide.

5.      Defendant Mullins failed to certify Plaintiff for the March 6, 2012 Republican Primary ballot because Plaintiff did not submit a requisite number of signatures, as required by  Defendant Mullins, even though VA. CODE ANN. § 24.2-545 B makes the submission of signatures discretionary, rather than a mandatory requirement for ballot access in the presidential primary.

6.      Additionally, Plaintiff was unable to obtain the requisite number of signatures from qualified voters, as required by Defendant Mullins, to qualify for the Republican Party presidential primary ballot because of the Board's further requirement that all petition circulators be an eligible or registered qualified voter in Virginia.

7.      This additional requirement that petition circulators be either eligible or registered qualified voters in Virginia violates Plaintiff's freedoms of speech and association protected by the First and Fourteenth Amendments to the United States Constitution.  By enforcing the petition signature collection requirements in connection with Plaintiff's candidacy, Defendants have violated the rights of Plaintiff to engage in protected speech and association activities under the United States Constitution.

8.     Because Plaintiff seeks access to the March 6, 2012 Republican Party primary ballot, because the deadline for printing those ballots is quickly approaching, because it is highly unlikely that the Board will obtain preclearance of the petition gathering form, and because Plaintiff has no adequate remedy at law, this Complaint seeks declaratory and injunctive relief in the form of preliminary and permanent injunctions.

## JURISDICTION AND VENUE

9.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, 1357, and 2284; and pursuant to 42. U.S.C. §§ 1973c, 1973j(f).  Plaintiff's action for declaratory and injunctive relief is authorized by 28 U.S.C. §§ 2201, 2202, and 2284, as well as by Federal Rules of Civil Procedure 57 and 65.

10.    Venue is proper in this district, and in the Richmond Division, because Defendants are residents of or have their official offices in the Eastern District of Virginia, in the City of Richmond.  28 U.S.C. § 1391(b)(1); E.D. Va. R. 3(C).

11.    Plaintiff requests a three-judge court be convened to hear this cause pursuant to 28 U.S.C. § 2284 and 42 U.S.C. § 1973c.

## PARTIES

12.    Plaintiff Rick Perry is a resident and Governor of the State of Texas.  Governor Perry satisfies all the requirements of Article II, Section 1, clause 5 of the United States Constitution and is otherwise eligible and qualified to serve as President of the United States.

13.    Intervenor Plaintiff Newt Gingrich is a resident of the Commonwealth of Virginia and former Speaker of the United States House of Representatives from the State of Georgia.  Speaker Gingrich satisfies all the requirements of Article II, Section 1, clause 5 of

the United States Constitution and is otherwise eligible and qualified to serve as President of

the United States.

14.      Intervenor Plaintiff Jon Huntsman, Jr. is a resident and former Governor of the

State of Utah.  Governor Huntsman satisfies all the requirements of Article II, Section 1,

clause 5 of the United States Constitution and is otherwise eligible and qualified to serve as

President of the United States.

15.      Intervernor Plaintiff Rick Santorum is a resident of the Commonwealth of

Virginia and former U.S. Senator for the Commonwealth of Pennsylvania.  Senator Santorum

Huntsman satisfies all the requirements of Article II, Section 1, clause 5 of the United States

Constitution and is otherwise eligible and qualified to serve as President of the United States.

16.      As officers and members of the Virginia State Board of Elections (State

Board), Defendants Charles Judd (Chairman), Kimberly Bowers (Vice-Chair), and Don

Palmer (Secretary) have authority to make rules and regulations, issue instructions, and

provide information consistent with the election laws, including VA. CODE ANN. § 24.2-545

B, to the county and city electoral boards and registrars to promote the proper administration

of election laws.  VA. CODE ANN. § 24.2-103.

17.      As Chairman of the Republican Party of Virginia (the "Party"), Defendant Pat

Mullins, in his official capacity Chairman of the Party, is responsible for certifying to the

State Board all candidates who meet the statutory requirements for placement on the ballot.

VA. CODE ANN. § 24.2-545 B.  The State Party is one of only two parties recognized in

Virginia as a political party.  Va. Code Ann. § 24.2-101.

## STATUTORY SCHEME

18.     In Virginia, a candidate seeking the nomination of a national political party for the Office of President of the United States must complete a Consent/Declaration Form.  VA. CODE ANN. § 24.2-545 B.  *See* Exhibit A.

19.     A candidate "*may"* then file petitions with the Board signed by at least 10,000 qualified voters, including at least 400 qualified voters from each congressional district in the Commonwealth, who attest that they intend to participate in the primary of the same political party as the candidate for whom the petitions are filed.  VA. CODE ANN. § 24.2-545 B.

20.     If a candidate files signature petitions from at least 10,000 qualified voters, then based upon the official form prescribed by the Board, such petition signatures must be collected after July 1, 2011 by a registered voter or someone eligible to vote in Virginia who signs and in the petition in the presence of a notary.  *See* Exhibit B.

21.     In that event, the petitions must be filed by the primary filing deadline.  VA. CODE ANN. § 24.2-545 B.  Here that deadline was Thursday, December 22, 2011.  VA. CODE ANN.§ 24.2-544 B.

22.     The State Board then turns the petitions over to the State Party.  VA. CODE ANN.§ 24.2-544 B.

23.     By the statutory deadline, the State Party certifies to the State Board the candidates who are qualified to appear on the presidential primary ballot.  Va. Code Ann. §§ 24.2.-527 and 24.2-544 B.  The deadline for the Republican presidential primary was Tuesday, December 27, 2011 by 5:00 PM.

24.     The State Board conducts a drawing of candidate names for placement on the presidential primary ballot.  VA. CODE ANN. § 24.2-545 C.

FACTS

25.     The Commonwealth of Virginia is covered by the Civil Rights Act of 1965, as amended, (the "Act")[1] and must comply with certain procedures under the Act.  42. U.S.C. § 1973c.    Among the Act's provisions is the Section 5 preclearance requirement, which requires states covered by the Act to obtain federal approval of any state enactment which alters the election laws or the jurisdiction, no matter how minor the change.  *Georgia v. United States*, 411 U.S. 526 (1973).

26.     On or about May 25 2011, the Board adopted "Deadlines, Duties and Ballot Access Requirements" for the March 6, 2012 Presidential Primary Election (*see* Exhibit C) and a form for the collection of petition signatures to be used by candidates for Office of President of the United States.  S*ee* Exhibit B.

27.     Based upon information and belief, the Board has not obtained preclearance of the deadlines, duties and ballot access requirements or the form for the collection of petition signatures to be used by candidates for the Office of President of the United States pursuant to section 5 of the Voting Rights Act of 1965 and has implemented the use of them throughout the Commonwealth.

28.     On or about May 2011, Defendant Mullins adopted guidelines to be used by him for certifying Republican Presidential and Senatorial primary candidates which mirrored the statutory scheme above in part but also created a safe-harbor for candidates that submitted at least 15,000 signatures of registered voters on valid petitions statewide and had at least 600

_____

[1] Fourteen counties (Amherst, Augusta, Botetourt, Essex, Frederick, Greene, Middlesex, Page, Pulaski, Roanoke, Rockingham, Shenandoah, Washington and Warren) and four independent cities (Fairfax, Harrisonburg, Salem and Winchester) are excluded from coverage by the Act.

signatures of registered voters on valid petitions from each of the 11 Congressional Districts. *See* Exhibit D

29.     Based on information and belief, Defendant Mullins and the Republican Party of Virginia have not obtained preclearance of the guidelines or safe harbor provisions pursuant to section 5 of the Voting Rights Act of 1965 and have implemented this change in procedure throughout the Commonwealth.

30.     Plaintiff declared himself a candidate for the Office of President of the United States on August 13, 2011.

31.     On August 15, 2011, Plaintiff filed his Statement of Candidacy with the Federal Elections Commission.  *See* Exhibit E.

32.     On October 31, 2011, Plaintiff signed and affirmed, in the presence of a notary, his Declaration of Candidacy for the Commonwealth of Virginia.  *See* Exhibit F.

33.     On December 22, 2011, Plaintiff submitted to the Board over 6,000 petition signatures from qualified Virginia voters.

34.     On December 23, 2011, Defendant Mullins made a preliminary determination and publically announced that Plaintiff had not submitted enough petition signatures, as required by Defendant Mullins, and would not certify Plaintiff for placement on the presidential primary ballot, even though the signature petition component in VA. CODE ANN. § 24.2-545 B is permissive and not mandatory. *See* Exhibit G.  Defendants have thus misapplied VA. CODE ANN. § 24.2-545 B.

35.     Additionally, Virginia's requirement for petition circulators to be either eligible or registered qualified voters in the state imposes a severe burden on Plaintiffs'

freedoms of speech and association because it substantially limits the number of eligible petition circulators.

36.     Virginia's requirement for petition circulators to be either eligible or registered qualified voters in the state is a severe burden on Plaintiff's freedoms of speech and association because it prohibits an otherwise qualified candidate for the Office of President of the United States from circulating his own candidate petitions.

37.     Virginia's requirement for petition circulators to be either eligible or registered qualified voters in the state prohibited Plaintiff from recruiting petition circulators who live outside the Commonwealth of Virginia to circulate petitions on his behalf.

38.     Plaintiffs have no adequate remedy at law.

## COUNT 1
### SUBMISSION OF PETITION SIGNATURES IS DISCRETIONARY

39.     Plaintiffs re-allege and incorporate by reference all of the allegations contained in all of the preceding paragraphs.

40.     The plain language of VA. CODE ANN. § 24.2-545 B makes the submission of signature petitions permissive and not mandatory, as stated by Defendant Mullins,  as a means of gaining access to the presidential primary ballot for the Commonwealth of Virginia. Specifically, the statute states:

> Any person seeking the nomination of the national political party for the office of President of the United States, or any group organized in this Commonwealth on behalf of, and with the consent of such person, *may file* with the State Board petitions signed by at least 10,000 qualified voters, including at least 400 qualified voters from each congressional district in the Commonwealth, who attest that they intend to participate in the primary of the same political party as the candidate for whom the petitions are filed.  Such petitions *shall* be filed with the State Board by the primary filing deadline.  Such petitions *shall* be filed with the State Board by the primary filing deadline. The petitions *shall*

be on a form prescribed by the State Board and shall be sealed in one or more containers to which is attached a written statement giving the name of the presidential candidate and the number of signatures on the petitions contained in the containers. Such person or group *shall* also attach a list of the names of persons who would be elected delegates and alternate delegates to the political party's national convention if the person wins the primary and the party has determined that its delegates will be selected pursuant to the primary. The slate of delegates and alternates *shall* comply with the rules of the national and state party.

The State Board *shall* transmit the material so filed to the state chairman of the party of the candidate immediately after the primary filing deadline. The sealed containers containing the petitions for a candidate *may* be opened only by the state chairman of the party of the candidate. The state chairman of the party *shall*, by the deadline set by the State Board, furnish to the State Board the names of all candidates who have satisfied the requirements of this section. Whenever only one candidate for a party's nomination for President of the United States has met the requirements to have his name on the ballot, he will be declared the winner and no presidential primary for that party will be held.

VA. CODE ANN. § 24.2-545 B (emphasis added).

41.     In *Zinone v. Lee's Crossing Homeowner's Association, et al.*, 714 S.E.2d 922 (Va. S. Ct. 2011), the Virginia Supreme Court held that when the General Assembly of the Commonwealth uses permissive "may" language in a statute and then uses "shall" language in the same statute to address a similar subject, it must be presumed that the difference in the choice of language was intentional. As the Virginia Supreme Court explained:

'We look to the plain meaning of the statutory language, and presume that the legislature chose, with care, the words it used when it enacted the relevant statute.' Moreover, when the General Assembly has used specific language in one instance, but omits that language and when addressing a similar subject elsewhere in the Code, we must presume that that the difference in the choice of language was intentional." *Id.* at 925.

42.     As applied here to VA. CODE ANN. § 24.2-545 B, a careful reading of the statute shows that the General Assembly used, and "chose with care," permissive "may" language in describing the signature component. The General Assembly then used mandatory

"shall" language in specifying the form and substance of any signature petitions, if filed.   In short, this shows that the General Assembly intended to make the signature petition component in VA. CODE ANN. § 24.2-545 B discretionary on the part of a candidate for the presidential primary, and not mandatory as directed by Defendants.   There is no basis for Defendants to impose a different standard than the General Assembly did in VA. CODE ANN. § 24.2-545 B.   The Defendants' refusal to certify Plaintiff for the March 6, 2012 Republican Primary ballot is therefore based on a misapplication of VA. CODE ANN. § 24.2-545 B and must be vacated by this Court.

## COUNT 2
### DEFENDANTS HAVE NOT PRECLEARED THE BALLOT ACCESS SCHEME ADOPTED IN MAY 2011

43.     Plaintiff re-alleges and incorporates by reference all of the allegations contained in paragraphs 1 through 38 above.

44.     Assuming arguendo, and without waiving any other arguments, that petition signatures are required by a candidate for Office of the President of the United States to gain access to the Republican Party primary ballot, the statute in question requires them to "…be on a form prescribed by the …Board…."  VA. CODE ANN. § 24.2-545 B.

45.     The form promulgated by the Board for use by the candidates for the Office of President of the United States cannot be administered because it has not been precleared pursuant to Section 5 of the Voting Rights Act of 1965, as amended.  42 U.S.C. § 1973c.

46.     Because the form has not been precleared, Plaintiff is entitled to a Temporary Restraining Order and Preliminary Injunction prohibiting the implementation and use of the unprecleared form for this election.  Plaintiff is further entitle to have this Court, acting as a single judge, to establish a remedy for the unprecleared use of the form as means of denying

Plaintiff access to the march 6, 2012 Republican Party primary ballot.   28 U.S.C. §

2284(b)(3).

47.      Plaintiff requests that, pursuant to 28 U.S.C. § 2284 and 42 U.S.C § 1973c, a

three-judge court be convened to hear this cause.

### COUNT 3
### THE REQUIREMENT THAT PETITION CIRCULATORS BE
### VIRGINIA RESIDENTS IS UNCONSTITUTIONAL

48.      Plaintiff re-alleges and incorporates by reference all of the allegations

contained in paragraphs 1 through 38 above.

49.      In *Buckley v. American Constitutional Law Foundation*, 525 U.S. 182 (1999)

("*ACLF*"), the Supreme Court held that a Colorado law requiring all petition circulators to be

registered Colorado voters violated the First Amendment to the United States Constitution.[2]

The Court held that the restriction imposed severe burdens on core political speech, *id.* at 192,

was subject to strict scrutiny, *id.* at 192 n.12, and that the state's interests were not sufficient

to justify the burdens, *id.* at 192.

50.      Applying the *ACLF* standard, numerous courts have ruled that state- or district-

residency requirements violate the First Amendment. *See Yes on Term Limits, Inc. v. Savage*,

550 F.3d 1023 (10th Cir. 2008) (state-residency requirement); *Nader v. Brewer*, 531 F.3d

1028 (9th Cir. 2008) (same); *Nader v. Blackwell*, 545 F.3d 459 (6th Cir. 2008) (same);

*Chandler v. City of Arvada*, 292 F.3d 1236 (10th Cir. 2002) (city-residency requirement);

*Lerman v. Bd. of Elections in the City of New York*, 232 F.3d 135 (2d Cir. 2000) (district-

---

[2]  The American Constitutional Law Foundation did not challenge Colorado's residency requirement because the registration requirement also required a circulator to reside in Colorado. *ACLF*, 525 U.S. at 189 n.3.  Virginia's requirement is more restrictive than the Colorado provision.  In Virginia, not only must the circulator be a qualified voter (i.e., a Virginia resident), but he must also be eligible to vote for the candidate for whom he is circulating the petition.

residency requirement); *Krislov v. Rednour*, 226 F.3d 851 (7th Cir. 2000) (state- *and* district-residency requirements); *Bogaert v. Land*, 572 F. Supp. 883 (W.D. Mich. 2008) (district-residency requirement); *Frami v. Ponto*, 255 F. Supp. 2d 962 (W.D. Wis. 2003) (same); *Morrill v. Weaver*, 224 F. Supp. 2d 882 (E.D. Penn. 2002) (same).

51.     VIRGINIA CODE § 24.2-545 B's requirement for petition circulators to be either eligible or registered qualified voters in the state violates freedoms of speech and association protected by the First and Fourteenth Amendments to the United States Constitution.

52.     Virginia's unconstitutional requirement for petition circulators to be either eligible or registered qualified voters in the state prohibited Plaintiff from recruiting other petition circulators and obtaining the necessary petition signature for ballot access.

### COUNT 4
### THE 10,000 SIGNATURE REQUIREMENT IS UNCONSTITUTIONAL

53.     Plaintiff re-alleges and incorporates by reference all of the allegations contained in paragraphs 1 through 38 above.

54.     Virginia's requirement that a presidential primary candidate collect signatures from 10,000 qualified voters, including at least 400 qualified voters from each congressional district in the Commonwealth, who attest that they intend to participate in the primary of the same political party as the candidate for whom the petitions are signed and filed violates freedoms of speech and association protected by the First and Fourteenth Amendments to the United States Constitution.

### PRAYER FOR RELIEF

Based on each and all of the grounds set forth above, Plaintiff respectfully prays that the Court grant and issue the following relief:

1.      Issue declaratory relief that the permissive "may" language in VA. CODE ANN. § 24.2-545 B makes the signature petition component in the statute discretionary;

2.      Vacate Defendants' refusal to certify Plaintiff for the March 6, 2012 Republican Primary ballot because such refusal is based on a misapplication of VA. CODE ANN. § 24.2-545 B;

3.      Issue a temporary restraining order, preliminary and permanent injunctions enjoining the Defendants, their agents, employees, and those persons acting in concert with them, from enforcing or giving any effect to the form promulgated by the Board for use by candidates for collecting petition signatures for the Office of President of the United States;

4.      Issue declaratory relief that the requirement for petition circulators to be either eligible or registered qualified voters in the state provision contained in VA. CODE ANN. § 24.2-545 B is facially unconstitutional and/or as applied to Plaintiffs and facially;

5.      Issue preliminary and permanent injunctive relief enjoining Defendants, and all successors in office, from enforcing the requirement for petition circulators to be either eligible or registered qualified voters in the state;

6.      Issue preliminary and permanent mandatory injunctive relief compelling Defendants to certify Plaintiff as a candidate for the Republican Party presidential primary ballot;

7.      Award reasonable costs and attorneys' fees, incurred as a consequence of Plaintiff's efforts to safeguard his constitutionally protected rights, pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 1973l(e), and any other statute or authority; and

8.      Issue any other relief this Court in its discretion deems just and appropriate.

Date: January 5, 2012

Respectfully Submitted,

**THE HONORABLE RICK PERRY**

_____/s/_____ ___ _
Hugh M. Fain, III (VSB No. 26494)
Email:  hfain@spottsfain.com
M. F. Connell Mullins, Jr. (VSB No. 47213)
Email:  cmullins@spottsfain.com
Edward Everett Bagnell, Jr. (VSB No. 74647)
Email:  ebagnell@spottsfain.com
SPOTTS FAIN PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Telephone: (804) 697-2000
Facsimile: (804) 697-2100

Joseph M. Nixon (Pro hac vice application pending)
Email:  jnixon@bmpllp.com
James E. ("Trey") Trainor, III (Pro hac vice to be
filed)
Martin D. Beirne (Pro hac vice application pending)
**BEIRNE, MAYNARD & PARSONS, L.L.P.**
1300 Post Oak Boulevard, Suite 2500
Houston, TX  77056
Telephone:  (713) 623-0887
Facsimile:  (713) 960-1527

**ATTORNEYS FOR PLAINTIFF**
**THE HONORABLE RICK PERRY**

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2012, I will electronically file the foregoing

document with the Clerk of the Court using the CM/ECF System, which will then send a

notification of such filing (NEF) to all counsel of record:

E. Duncan Getchell, Jr.
Wesley G. Russell
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
Telephone: (804) 786-2436
dgetchell@oag.state.va.us
wrussell@oag.state.va.us
*Counsel for Charles Judd, Kimberly Bowers
and Don Palmer, members of the Virginia
State Board of Elections, in their official
capacity*

Joseph N. Lief
Virginia International Raceway
1245 Pinetree Road
Alton, Virginia 24520
Telephone: (434) 822-7700
*Counsel for Charles Judd, Kimberly Bowers
and Don Palmer, members of the Virginia
State Board of Elections, in their official
capacity*

Lee Elton Goodman
LeClairRyan, A Professional Corporation
1701 Pennsylvania Ave NW
Suite 1045
Washington, DC 20006
lee.goodman@leclairryan.com
*Counsel for Pat Mullins,
in his official capacity as
Chairman of the Republican Party of
Virginia.*

Charles M. Sims (VSB No. 35845)
LeClairRyan, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, Virginia 23219
Telephone: (804) 343-5091
Facsimile:  (804) 783-7655
Charles.sims@leclairryan.com
*Counsel for Patrick Mullins,
Chairman of the Republican Party of
Virginia*

J. Christian Adams (VSB No. 42543)
Election Law Center, PLLC
300 N. Washington St., Suite 405
Alexandria, VA 22314
Telephone: (703) 963-8611
Facsimile: (703) 740-1773
adams@electionlawcenter.com
*Counsel for Newt Gingrich, Jon Huntsman,
Jr.
and Rick Santorum*

Stefan C. Passantino
J. Randolph Evans
Benjamin P. Keane
McKenna Long & Aldridge, LLP
1900 K St. NW
Washington, DC 20009
Telephone: (202) 496-7500
Facsimile: (202) 496-7756
*Counsel for Newt Gingrich*

- 16 -

Craig Engle
Arnet Fox LLP
1050 Connecticut Avenue, NW
Washington, DC 20036-5339
Telephone: (202) 857-6000
Facsimile: (202) 857-6395
*Counsel for Jon Huntsman, Jr.*

Cleta Mitchell
Foley & Lardner LLP
3000 K Street, N.W., Suite 600
Washington, DC 20007-5109
Telephone: (202) 672-5300
Facsimile: (202) 672-5399
*Counsel for Rick Santorum*

_____/s/_____
Edward Everett Bagnell, Jr. (VSB No. 74647)
Email:  ebagnell@spottsfain.com
SPOTTS FAIN PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Telephone: (804) 697-2000
Facsimile: (804) 697-2100