N THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| THE HONORABLE RICK PERRY, <br><br> Plaintiff, <br><br> NEWT GINGRICH, JON HUNTSMAN, JR., and RICK SANTORUM <br><br> Intervenor-Plaintiffs <br><br> v. <br><br> CHARLES JUDD, KIMBERLY BOWERS, and DON PALMER, members of the Virginia Board of Elections, in their official capacities, and PAT MULLINS, in his official capacity as Chairman of the Republican Party of Virginia, <br><br> Defendants. | Civil No. 3:11-CV-856 |

**THE REPUBLICAN PARTY OF VIRGINIA CHAIRMAN'S RESPONSE TO PLAINTIFF'S EMERGENCY MOTION FOR A PRELIMINARY INJUNCTION**

Pursuant to the Court's Scheduling Order, Defendant Patrick Mullins, in his capacity as Chairman of the Republican Party of Virginia ("Chairman" or "Chairman Mullins"), by counsel, respectfully submits this response to the Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction ("Plaintiff's Motion"). Plaintiff's Motion must be denied as to the Chairman for three reasons: (1) the Court lacks Article III jurisdiction over the Chairman; (2) the Complaint on which Plaintiff's Motion is based fails to state a claim against the Chairman, and (3) the Plaintiff's Motion does not request any relief against the Chairman or relief that the Chairman could possibly provide.

**ARGUMENT**

I.   **There Is No Jurisdiction or Cognizable Claim Against the Chairman.**

With respect to the first two reasons for denying the injunctive request, the Chairman incorporates the arguments set forth in his Memorandum in Support of the Motion to Dismiss (D.N. 18), and for the sake of brevity, does not repeat them here. Suffice it to say, Chairman Mullins and the Virginia Republican Party will comply with the law as enacted by the General Assembly and as interpreted by this Court. The Complaint filed by Plaintiff demonstrates that the Republican Party of Virginia in fact complied with Virginia law, and that Governor Perry did not satisfy the statutory requirements to have his name included on the ballot for the Republican presidential primary in Virginia. The Republican Party of Virginia regrets that result.

In addition to the claims previously briefed, late yesterday the Plaintiff filed an Amended Complaint that asserted two additional arguments: (1) the Plaintiff asserts that he was not required to submit any petitions or signatures because Virginia's ballot access scheme is wholly permissive, not mandatory, and (2) guidance issued by the Chairman to the candidates explaining the process by which he would count and verify signatures was not pre-cleared under Section 5 of the Voting Rights Act. Although these arguments are not raised in the Plaintiff's Motion, the Chairman addresses them briefly to demonstrate to the Court that neither of these claims is valid or justifies an injunction against the Chairman.

Plaintiff first argues that the whole statutory scheme for inclusion on the primary ballot established by Va. Code § 24.2.545 is permissive, not mandatory. Plaintiff's reading of the statute is misplaced. The permissive "may" in the first sentence of Va.

Code § 24.2-545.B. clearly applies to the decision of candidates for national office to compete for convention delegates in Virginia. The Commonwealth obviously cannot compel candidates for national office to participate in Virginia's ballot access process in order to have their names included on the primary ballot here. Participating in a Virginia primary is indeed optional. But, if a candidate chooses to have his name included on a Virginia primary ballot and compete for delegates from Virginia, then Va. Code § 24.2-545.B mandates certain requirements that the candidate must satisfy before his name is included on the primary ballot. This is made clear by subsequent language in the statute: "The state chairman of the party shall, by the deadline set by the State Board, furnish to the State Board the names of all candidates who have **satisfied the requirements** of this section." (emphasis added). The law clearly limits the party Chairman's discretion to certify only the candidates who have "satisfied the requirements." That is all that the Chairman is alleged to have done in this case. He certified to the State Board of Elections only those candidates who (a) voluntarily had chosen to participate in Virginia's ballot access process and (b) had "satisfied the requirements" of Va. Code § 24.2-545.B. Plaintiff does not allege that the Chairman did anything other than perform his legal duty prescribed by the statute.

Next, the Plaintiff asserts that the Republican Party of Virginia did not submit guidance issued to candidates explaining how their petition signatures would counted and verified. There are several reasons why this argument (a) fails to state a valid claim against the Chairman, (b) fails to justify an injunction against the Chairman, and (c) does not support the relief the Plaintiff seeks—inclusion on the Virginia primary ballot. First, the Plaintiff is a candidate who unsuccessfully sought access to Virginia's primary ballot

but failed to qualify. A candidate does not have standing under the Voting Rights Act. Only voters have standing to bring private claims under the Voting Rights Act.[1] Second, assuming that the 10,000 signature requirement set forth in Va. Code § 24.2-545 was pre-cleared, then guidance issued by the Chairman explaining the process by which each candidate's signatures would be counted and verified was not required to be pre-cleared. A 10,000 valid signature requirement set in statute presumes that signatures will be counted. It is well-established that administration of a pre-cleared statute (here the counting and verification of signatures) does not require redundant pre-clearances.[2] Third, even if the guidance explaining the process for counting 10,000 signatures needed to be precleared, it is of no significance to the relief that the Plaintiff seeks—inclusion on the Virginia primary ballot—because he admits that he submitted only 6,000 signatures, far fewer than the 10,000 required. The process by which the signatures were counted would not affect his qualifications for the Virginia ballot under the existing precleared Va. Code § 24.2-545.[3]

---

[1] *See*, *Roberts v. Warner*, 883 F.2d 617, 621 (8th Cir. 1989) ("We conclude that an unsuccessful candidate attempting to challenge election results does not have standing under the Voting Rights Act"); *Perry-Bey v. City of Norfolk*, 678 F.Supp.2d 348, 363-364 (E.D.Va. 2009) (Voting Rights Act claim must allege that plaintiff is an aggrieved voter); *White-Battle v. Democratic Party of Virginia*, 323 F.Supp.2d 696, 702-703 (E.D.Va. 2004) ("It is well-settled that unsuccessful candidates lack standing to sue under [Section 5 of] the Voting Rights Act of 1965."); *Oh v. Philadelphia Co. Board of Elections*, 2008 WL 4787583 *6-7 (Oct. 31, 2008 E.D. Pa.) ("As plaintiff is an unsuccessful candidate for public office, his injury does not arise under the Voting Rights Act and he does not have standing as an individual to bring this suit.").

[2] *See*, *White-Battle*, 323 F.Supp.2d at 703-704 ("all of the Plaintiff's complaints involve alleged actions or omissions taken pursuant to pre-established laws and procedures"); *Lake v. State Bd. of Elections of North Carolina*, 798 F.Supp. 1199, 1205-1206 (M.D.N.C. 1992) ("The order effected no change, but merely mirrored a previously precleared statute, doing no more than North Carolina General Statute § 163-2 allows the county board to do.").

[3] In fact, the Republican Party of Virginia could turn over the Plaintiff's petitions and signed certification that accompanied his petitions and this Court could fashion a process for counting the signatures and come to the same conclusion that Plaintiff alleges: unfortunately, he did not submit 10,000 signatures.

## II. The Motion for Preliminary Injunction Asks for No Injunctive Relief Relevant to the Chairman.

With respect to the third reason for denying injunctive relief against Chairman Mullins, the Emergency Motion for a Preliminary Injunction requests the following three injunctions:

1. Enjoin **Defendants** from enforcing the state-residency requirement for petition circulators found in the State Board of Elections "Petition of Qualified Voters for Presidential Primary," as authorized by Virginia Code § 24.2-545;

2. Order the **Virginia State Board of Elections** not to conduct their drawing for placement of candidate names on the March 6, 2012 primary ballots, nor print and distribute without Plaintiff's name on them; and

3. Order the **Virginia State Board of Elections** to print ballots for the Republican primary including Plaintiff's name for the office of President of the United States.

*See* Emergency Motion for Temporary Restraining Order and Preliminary Injunction, ¶¶ 1, 2, 3 (emphasis added).

As to the first requested relief, there is no basis for enjoining the Chairman of the Republican Party of Virginia from enforcing the Virginia residency requirement for petition circulators, because Plaintiff has not alleged—and cannot establish—that he attempted to use out-of-state circulators or that, even if he did, they collected signatures that were then rejected by the Chairman of the Republican Party of Virginia.

To the contrary, Plaintiff has asserted that he did not submit petition signatures witnessed by out-of-state residents, because he understood that the law prohibited him from doing so. *See* Complaint at ¶ 22; Memorandum in Support of Emergency Motion for Temporary Restraining Order and Preliminary Injunction at p. 2 & 8. Because the Chairman's only legal responsibility with respect to Plaintiff's attempt to qualify for the

Virginia presidential primary ballot was to count and verify the signatures he in fact submitted, and no signatures were witnessed by out-of-state residents, there is no factual basis for enjoining the Chairman from enforcing the residency requirement. Thus, the first requested injunctive relief must be denied as to the Chairman.

As to the second request for injunctive relief, the Plaintiff asks the Court to enjoin the Virginia State Board of Elections. No relief is requested against the Chairman.

As to the third, the Plaintiff again requests that the Court to enjoin the Virginia State Board of Elections. No relief is requested against the Chairman.

In sum, Plaintiff's Motion does not request any relief against the Chairman or that the Chairman could possibly provide. Therefore, the Motion must be denied as to the Chairman.

Respectfully submitted this 6th day of January, 2012.

/s/
Charles E. Sims (Va. Bar 35845)
LeClairRyan, a Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, Virginia 23219
Telephone: (804) 343-5091
Facsimile: (804) 783-7655
Charles.Sims@leclairryan.com

Lee E. Goodman (Va. Bar 31695)
LeClairRyan, a Professional Corporation
1101 Connecticut Ave., NW, Sixth Floor
Washington, DC 20036
(202) 659-6730 (Tel.)
(202) 775-6430 (Fax)
Lee.Goodman@leclairryan.com

***Attorneys for Patrick Mullins, Chairman
of the Republican Party of Virginia***

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of January 2012, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel named below:

| | |
|---|---|
| Hugh M. Fain, III<br>Edward E. Bagnell, Jr.<br>Maurice F. Mullins<br>Spotts Fain PC<br>411 East Franklin Street<br>Richmond, Virginia 23218-1555<br>Telephone: (804) 788-1190<br>hfain@spottsfain.com<br>ebagnell@spottsfain.com<br>cmullins@spottsfain.com<br>*Attorneys for The Honorable Rick Perry* | James E. Trainor, III<br>Joseph M. Nixon<br>Martin D. Beirne<br>Beirne Maynard & Parsons LLP<br>1300 Post Oak Blvd., 25th Floor<br>Houston, Texas 77056<br>Telephone: (512) 623-6700<br>ttrainor@bmpllp.com<br>jnixon@bmpllp.com<br>mbeirne@bmpllp.com<br>*Attorneys for The Honorable Rick Perry* |
| E. Duncan Getchell, Jr.<br>Wesley G. Russell<br>Office of the Attorney General<br>900 East Main Street<br>Richmond, Virginia 23219<br>Telephone: (804) 786-2436<br>dgetchell@oag.state.va.us<br>wrussell@oag.state.va.us<br>*Counsel for Charles Judd, Kimberly Bowers and Don Palmer, members of the Virginia State Board of Elections, in their official capacity* | Joseph N. Lief<br>Virginia International Raceway<br>1245 Pinetree Road<br>Alton, Virginia 24520<br>Telephone: (434) 822-7700<br>*Counsel for Charles Judd, Kimberly Bowers and Don Palmer, members of the Virginia State Board of Elections, in their official capacity* |
| J. Christian Adams (VSB No. 42543)<br>Election Law Center, PLLC<br>300 N. Washington St., Suite 405<br>Alexandria, VA 22314<br>Telephone: (703) 963-8611<br>Facsimile: (703) 740-1773<br>adams@electionlawcenter.com<br>*Counsel for Newt Gingrich, Jon Huntsman, Jr. and Rick Santorum* | Stefan C. Passantino<br>J. Randolph Evans<br>Benjamin P. Keane<br>McKenna Long & Aldridge, LLP<br>1900 K St. NW<br>Washington, DC 20009<br>Telephone: (202) 496-7500<br>Facsimile: (202) 496-7756<br>*Counsel for Newt Gingrich* |

<table>
<tr><td>

Craig Engle  
Arnet Fox LLP  
1050 Connecticut Avenue, NW  
Washington, DC 20036-5339  
Telephone: (202) 857-6000  
Facsimile: (202) 857-6395  
*Counsel for Jon Huntsman, Jr.*

</td><td>

Cleta Mitchell  
Foley & Lardner LLP  
3000 K Street, N.W., Suite 600  
Washington, DC 20007-5109  
Telephone: (202) 672-5300  
Facsimile: (202) 672-5399  
*Counsel for Rick Santorum*

</td></tr>
</table>

                                                                   /s/  
                                        Charles E. Sims (Va. Bar 35845)  
                                        LeClairRyan, a Professional Corporation  
                                        Riverfront Plaza, East Tower  
                                        951 East Byrd Street, Eighth Floor  
                                        Richmond, Virginia 23219  
                                        Telephone: (804) 343-5091  
                                        Facsimile: (804) 783-7655  
                                        Charles.Sims@leclairryan.com

                                        ***Attorneys for Patrick Mullins, Chairman***  
                                        ***of the Republican Party of Virginia***