IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division



F I L E
JAN 10 2012
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

THE HONORABLE RICK PERRY,

    Plaintiff,

and

THE HONORABLE NEWT GINGRICH, THE
HONORABLE JON HUNTSMAN, JR., and
THE HONORABLE RICK SANTORUM,

    Intervenors,

v.       Civil Action No. 3:11-CV-856-JAG

CHARLES JUDD,
Member of the Virginia State Board of Elections,
in his official capacity, *et al.*,

    Defendants.

## ORDER

The Court held a conference call on this matter on January 9, 2012. All parties were represented by counsel during the call. At the conclusion of the call, the Court entered an Order directing the members of the Virginia State Board of Elections to take certain steps. In order to issue the Order as promptly as possible, the Court abbreviated the Order. The defendants indicated a desire to appeal the Court's Order, and the Court therefore memorializes in this supplemental Order the reasons for granting the motion and the terms of the Order.

During the conference call, counsel for the Members of the Virginia Board of Elections advised the Court that steps were under way to prepare and print absentee ballots for the Republican Presidential Primary Election to be held on March 6, 2012. The ballots are prepared under the general supervision of the State Board of Elections, but local electoral boards are

responsible for ordering the ballots from printers and having the ballots printed. No later than 45 days before the election, the local boards will send absentee ballots to voters who requested them.

In determining whether to issue preliminary relief, the Court must consider the four factors stated in *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008), and *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346-47 (4th Cir. 2009), *vacated on other grounds*, 130 S. Ct. 2371 (2010). Interim relief is appropriate when the plaintiffs establish that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in the plaintiffs' favor; and (4) an injunction is in the public interest.

The Court finds that there is a strong likelihood that the Court will find the residency requirement for petition circulators to be unconstitutional. The authorities make clear that circulating petitions for candidates is a form of protected speech, and that the Commonwealth has a heavy burden to justify the restriction on speech by showing not only that the limitation achieves a valid state interest but also that the limitation is no broader in scope than necessary to achieve that purpose. *Buckley v. Am Constitutional Law Foundation*, 525 U.S. 182 (1999); *Lux v. Judd*, 651 F. 3d 396 (4th Cir. 2011). As in all strict scrutiny cases, the state has a difficult task to demonstrate the propriety of its limitation on protected speech. For this reason, the Court believes that the plaintiffs have a substantial likelihood of succeeding on the merits, at least on the issue of the validity of the residency requirement.

If absentee ballots are printed, and particularly if they are mailed, it will impair the Court's ability to enter an order granting relief to the plaintiffs. They are presidential candidates

and will have no chance to secure the delegates from Virginia at the Republican convention. The harm to them would obviously be irreparable.

The Court does not, at this time, make a preliminary judgment about the balance of the equities. The public interest, however, weighs heavily in favor of the plaintiffs. If ballots are printed and mailed, some voters will be denied a chance to vote for the candidate of their choice. If the Court rules in favor of the plaintiffs and a second ballot is sent out, voters will be confused about which ballot to use, and for which candidates they may vote.

The defendants point out that they will be hampered in getting the ballots out if they have to wait until after the hearing set on January 13, 2012, before printing ballots. The Court recognizes that the tasks of the electoral officials will be incrementally more difficult, but those tasks will not be impossible to accomplish. Under the Uniformed and Overseas Citizens Absentee Voting Act of 1986, as amended by the Military and Overseas Voter Empowerment Act, 42 U.S.C. §§ 1973ff to 1973ff-6, local electoral officials must mail absentee ballots to overseas voters who request them no later than 45 days before the election, which is January 21, 2012. The Court believes that the eight days between January 13 and 21 allow ample time to prepare and mail absentee ballots. The incremental inconvenience to the electoral officials is heavily outweighed by the public interest in the voting rights of citizens.

The Court's Order also allows the defendants ample time to comply with the Consent Decree in *United States of America v. Cunningham*, Case No. 3:08cv709. That Decree directs the State Board of Elections to canvas the local boards "[b]eginning the 50th day" before the election, which is January 16, 2012. Nothing in the Court's Order in this case prevents a canvas from occurring. On the 45th day before the election—January 21, 2012—the State Board of Elections should determine whether local boards have mailed out absentee ballots. Again,

nothing in the Court's Order prevents this from occurring. Moreover, as noted above, the Court finds that, even with the brief delay occasioned by this case, the local boards can meet the January 21 deadline imposed by UOCAVA and *United States v. Cunningham.*

In making these judgments, the Court has taken into account that the delay will run until no later than January 13, 2012—four days from the date of the Court's first Order. Had the delay been longer, the Court very well could have reached a different conclusion. Further, this temporary order should not be interpreted as an indication of how the Court will rule on the motion for a preliminary injunction on January 13, 2012. The parties have not completed briefing for the January 13 hearing, and the Court will be asked to consider a number of difficult issues related not only to the validity of Virginia's election laws and practices but also to the proper remedy for any Constitutional violation.

According to counsel for the defendants, local electoral boards order their own ballots from printing companies. Of course, the local boards are not parties to this suit, and are not subject to the Court's jurisdiction. The Court, therefore, has ordered the members of the State Board of Elections to send instructions to the local boards not to distribute ballots until after January 13, 2012. The Court has also ordered the defendants to instruct the local boards not to order ballots, if they have not already done so. The Court recognizes that local officials may choose to order and distribute ballots, regardless of the Board's directives. Nevertheless, the Court believes that local electoral boards generally follow the directions of the State Board of Elections. *See* Va. Code § 24.2-103 (directing the State Board to "supervise and coordinate" the work of local electoral boards by "issu[ing] instructions").

Accordingly, defendants Charles Judd, Kimberly Bowers, and Don Palmer are hereby ordered to send a directive or instruction to each of Virginia's local electoral boards. Mr. Judd,

4

Ms. Bowers, and Mr. Palmer are ordered to direct the local electoral boards to refrain from mailing out any absentee ballots until after the hearing on the pending Emergency Motion for Temporary Restraining Order and Preliminary Injunction, to be held on January 13, 2012. The defendants are further ordered to direct the local electoral boards, if they have not done so already, to refrain from ordering any ballots to be printed until after the hearing.

This Order expires at 11:59 p.m. on January 13, 2012, or upon the Court's rendering of a decision on the Emergency Motion for Temporary Restraining Order and Preliminary Injunction on January 13, 2012, whichever first occurs.

It is so ORDERED.

/s/
John A. Gibney, Jr.
United States District Judge

Date: January 10, 2012
Richmond, VA